No. 2648

Second Circuit

## CITIZENS BANK v. HUDSON

(December 11, 1926. Opinion and Decree.)

(*Syllabus by the Editor*)

1. Louisiana  Digest—Appeal—Par.  320; Attachment—Par. 64.

Under Act No. 112 of 1916, a defective attachment bond must be corrected in the court of original jurisdiction and consequently, although the bond is defective on its face, this defect cannot be considered by the appellate court.

Appeal from the Fifth Judicial District Court of Louisiana, parish of Richland. Hon. John R. McIntosh, Judge.

Action by Citizens Bank against G. W. Hudson.

There was judgment rendered on confirmation of default, after motion to dissolve had been filed by defendant. Defendant appealed.

Judgment affirmed.

Tobin R. Hodge, of Rayville, attorney for plaintiff, appellee.

George Wesley Smith, of Rayville, attorney for defendant, appellant.

WEBB, J.   The Citizens Bank brought suit against the defendant G. W. Hudson and under proper allegations obtained a writ of attachment under which property belonging to the defendant was seized.

Judgment was rendered on confirmation of a default in favor of the plaintiff for the amount sued for and sustaining the

writ of attachment and recognizing the privilege resulting therefrom, and the defendant has taken a devolutive appeal from that judgment.

OPINION.

The sole ground which defendant urges for a reversal of the judgment is that the attachment bond given by the plaintiff is defective in that the bond is not for a fixed amount, the plaintiff having failed to write into the bond the amount which is fixed by law.

The defendant contends that the plaintiff was notified of this defect in the bond in the trial court by a motion which he filed to dissolve the writ in which motion the defect in the bond and other grounds were set up as causes for dissolution of the attachment.

The record shows that the attachment bond was defective and that the motion to dissolve was filed, but the minutes of the court do not show the motion was filed in open court, or at any time, the only reference to the motion being in a minute of date June 19, 1925, which reads as follows:

. "In this case, an exception of no cause of action was filed (evidently intended to read motion to dissolve writ of attachment, as I find no exception of 'No cause of Action' filed in said suit, but do find a motion to dissolve filed in June and no minute entry thereof)."

Judgment was rendered on January 28, 1925, and reads, in part, as follows:

"In the above styled and numbered cause a preliminary default having been regularly entered against G. W. Hudson and the same not being set aside by answer, and after the lapse of more than two clear days the plaintiff having proven its demands in open court, it is ordered, adjudged and decreed that plaintiff have judgment for the amount claimed. It is further ordered, adjudged and decreed that the writ of attachment sued out herein be maintained and perpetuated and that the property attached be seized and sold and that out of the proceeds the plaintiff be paid," etc.

The sole ground which the defendant urges here for the reversal of the judgment is that the attachment should have been dissolved for the reason of the defect in the attachment bond, which is in the record and shows upon its face the defect presented in the motion to dissolve.

We are of the opinion that the defendant by appealing from the judgment rendered on default must be presumed to have waived his motion to dissolve the writ of attachment, and that this court must consider the cause as if no suggestion had been made before the trial court as to the insufficiency of the bond.

The fact that a defective bond was filed did not invalidate the attachment; it only furnished a ground upon which the attachment may have been dissolved after certain preliminary proceedings as provided by law (Act No. 112 of 1916) had been taken, and the defect, although apparent on the face of the record, cannot be considered by this court.

The judgment appealed from is affirmed.