BORNE v. HARDIN

———

(December 15, 1930. Opinion and Decree.)

———

Edwin C. Kohn, of New Orleans, attorney for plaintiff, appellee.

Henry G. Huckabee, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. This is a suit by a plumber for the sum of $295.60, the balance alleged to be due under a verbal contract by which he installed certain plumbing and fixtures in the defendant's premises. Defendant filed a general denial. On the trial of the case on the merits there was judgment in favor of plaintiff, as prayed for. Defendant then filed a motion for a new trial, which was granted on the ground that the transcript of the testimony of the witnesses had been lost. The defendant then filed a supplemental answer in which he admitted that the contract was entered into and that there was a balance due the plaintiff, but specially pleaded that the work had never been completed and accepted, because the supervisor of plumbing of the city of New Orleans, in accordance with the rules and regulations of the city engineer's office, refused to issue a certificate of approval, because the kitchen sink on the second floor was not properly vented through the roof and one basin on the first floor was not vented, or connected to the waste line. The plaintiff objected to the filing of the supplemental answer and the court sustained the objection. During the course of the second trial the transcript of the testimony taken in the original trial was found and introduced in evidence.

There is some doubt as to the right of defendant to file a supplemental answer, which seems to conflict with his original answer, or general denial, but assuming that the supplemental petition was properly before the court, the most favorable view we could take of the situation, as far as defendant is concerned, we pass to a discussion of the evidence in the case.

Plaintiff's evidence tends to show that the plumbing and fixtures were installed, in a workmanlike manner, in accordance with the contract. The defendant frankly admits that the contract was entered into and that there is a balance due plaintiff,

the only objections being as above set forth in the supplemental answer. But, it appears that these requirements of the supervisor of plumbing were of such a nature that they could be easily remedied. The defendant, however, disposed of the premises, including the plumbing and fixtures, without any loss to himself, and thus made it impossible for the plaintiff to remedy the alleged defects.

Defendant also complained in his testimony that the kitchen sink was not in accordance with the fixture that he had selected. But it is noted that this was not pleaded in his answer and, even if it be considered that the pleadings were enlarged by the admission of the evidence, as the defendant had the burden of establishing this special defense, and the testimony is conflicting on that issue, we find that he has failed to sustain his claim on that score.

For the reasons assigned the judgment is affirmed.