117 So.2d 839 (1960)
Thomas RAY, d/b/a Ray's Plumbing & Heating,
v.
T. P. MARTIN.
No. 21330.
Court of Appeal of Louisiana, Orleans.
February 15, 1960.
*840 Jorda S. Derbes, New Orleans, for plaintiff and appellee.
Cassibry, Jackson & Hess, Victor H. Hess, Jr., New Orleans, for defendant and appellant.
REGAN, Judge.
Plaintiff, Thomas Ray, conducting his business under the trade name of Ray's Plumbing and Heating, instituted this suit against the defendant, T. P. Martin, endeavoring to recover the sum of $222.50 for repairing defendant's water pipe system, in conformity with an oral agreement existing between plaintiff and defendant's wife.
Defendant answered and admitted that plaintiff had completed the job contracted for, but asserted, as a special defense, that he was exonerated from payment because the work was defective, which caused him damages, in that he was required to pay an excessive water bill, resulting from leaks in the pipes; he was compelled to employ a plumber to correct the defective work; and finally, that the installation of the pipe did not comply with the rules of the Sewerage and Water Board of New Orleans.
From a judgment in favor of the plaintiff as prayed for, the defendant has prosecuted this appeal.
This case was submitted to us for decision, predicated on the briefs and the record; therefore, we have not enjoyed the benefit of oral argument by respective counsel.
The record reveals that in November 1957, plaintiff replaced 178 feet of pipeline in defendant's water system and that the parties hereto had agreed that plaintiff was to be paid $1.25 for every foot of pipe installed.
Plaintiff testified that the defendant promised to pay him within two weeks after he completed the job, but when he telephoned Mrs. Martin to ask for the amount due, she informed him that her husband was presently unemployed; therefore, she was unable to pay the bill. He stated that neither the defendant nor his wife complained about the quality of his work prior to the time that this suit was answered by the defendant.
In an effort to justify non-payment, only the defendant and his wife appeared herein to testify that the pipes were improperly installed. Defendant claimed that only four days after plaintiff had completed his contract, the first break in the pipeline occurred, and thereafter, four more breaks developed therein. He explained that the fault in installation consisted of the pipe being laid too near the surface of the ground.
Defendant stated that the work did not comply with the regulations of the Sewerage & Water Board for this type of installation; that due to the defects he had to pay a water bill of $131.72 on January 30, 1958, which was excessive because of the *841 leakage in his water system; and that he finally was compelled to employ another plumber in February 1958 to correct plaintiff's defective work at a cost of $126.
Defendant neither introduced expert testimony to establish poor workmanship nor did he subpoena a representative of the Sewerage & Water Board to verify noncompliance with its rules and regulations. He more pertinently failed to support his statement of employing another plumber to correct the defective work by having the plumber appear on his behalf herein, or by the introduction into the record of any other corroborative evidence.
It is a well-established principle of our jurisprudence that he who pleads and relies on a special defense must affirmatively prove it.
The trial court obviously was of the opinion that the defendant had failed to substantiate the special defenses pleaded in answer to this suit by the introduction of competent evidence and support thereof; on the other hand he was convinced that the plaintiff had proven his case with that certainty required by law.[1]
On appeal no error in the foregoing conclusion of the trial judge has been pointed out to us, nor has our examination of the record disclosed any.
For these reasons, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] LSA-C.C. art. 2232"He who claims the execution of an obligation must prove it.

"On the other hand, he who contends that he is exonerated, must prove the payment or the fact which has produced the extinction of the obligation."
See also Ducore v. Gross, La.App.1959, 110 So.2d 752; Merrill v. Harang, La. App.1940, 198 So. 386; Borne v. Hardin, 1930, 15 La.App. 286, 131 So. 472.