SAMUEL, Judge.
Plaintiff was the lessee and defendant the lessor of a commercial building in the City of New Orleans. The written lease, entered into on July 10, 1962, provided for *759 a primary term of ten years, a monthly rental of $575 and a $3,300 cash deposit, which plaintiff made, to secure payment of rent for the last six months of the term. The lease came to an end on September 9, 1965 when the building was so heavily damaged during Hurricane Betsy it was unfit for occupancy. The $575 rent for the month of September, 1965 had been paid on the first of that month.
This is a suit for $3,702.47, representing the $3,300 deposit plus $402.47 in unearned rent. Defendant pleaded the affirmative defense of set-off, alleging that when plaintiff vacated the building it had taken property owned by the defendant and valued at $3,061.65. After trial there was judgment in favor of plaintiff in the sum of $3,702.47 subject to a credit of $200, which credit the court found was the value of an air conditioning compressor belonging to the defendant and taken from the leased premises by the plaintiff. In addition, the judgment assessed costs equally between the two litigants.
Defendant has appealed seeking an increase in the credit from $200 to $2,318.55. Plaintiff has answered the appeal urging that the trial court improperly allowed any credit to defendant and assessed court costs inequitably.
Defendant constructed the building in accordance with the plans and specifications of its first lessee, Rich Plan of New Orleans, Inc. On April 10, 1962, Rich Plan sold' its business to Joe Fein Caterers, Inc. and defendant executed a new lease with Fein. The lease involved in this suit was entered into after Fein had sold its business and equipment to the present plaintiff.
Plaintiff moved its furniture and fixtures from the damaged building during the two weeks following the hurricane. Defendant contends it also took the following items which belonged to defendant:
One five-ton air conditioning compressor;
One fifty-gallon water tank, pipes and connections;
One disconnect switch for air conditioning compressor;
Lighting fixtures and cooler in cutting room;
Two exhaust fans;
One triple-pan stainless steel sink and pipes;
One double-pan stainless steel sink and pipes.
A five-ton air conditioning compressor was installed by the defendant at his own expense when the building was constructed in 1960. That compressor was struck by lightning in 1964 and replaced at the expense of plaintiff’s insurer. Plaintiff admitted it took the compressor, explaining this was done to prevent it from being stolen. No offer was made to return the compressor until this trial was in progress, almost two years after the hurricane. Plaintiff’s witnesses were unable to explain the type of insurance policy under which the replacement was effected. As the record does not reveal otherwise, we must hold the replacement did not change ownership and the compressor was owned by defendant, who is entitled to compensation equal to its value at the time plaintiff took it from the building. An air conditioning expert called by the defendant testified that a compressor out of service for almost two years would be worthless. Although the record shows the compressor may have been slightly more than one year old at the time of its removal, defendant’s witness estimated that a two-year-old compressor would be valued “in the neighborhood of $360.00 to $400.00.” Since this estimate was unrebutted, we believe defendant is entitled to a credit of $360 instead of the $200 allowed by the trial court.
Plaintiff admits it did remove the fifty-gallon water heater and it also admits that item was defendant’s property. Apparently the trial judge inadvertently failed to allow *760 a credit therefor. Defendant attempted to establish its value by the testimony of a plumber who was not familiar with the price of a fifty-gallon heater. He said the cost of a thirty-gallon unit was $45. From this fact he estimated a fifty-gallon heater would cost around $75 to $85 and the installation fittings would cost about $15. He also testified the life of a water heater in the trade is approximately 10 years. Since the heater was installed in 1962 and the testimony establishing its value was uncertain, in our view defendant is entitled to a credit of $50 for the heater and the fittings. When plaintiff removed it, it was worth two-thirds of its original value. Because the price of a thirty-gallon heater was fixed definitely at $45 and the fittings were valued at $15, we think it is fair to credit defendant with an original value of $75 with one-third depreciation to arrive at $50 as its value when removed by plaintiff.
The next two items for which defendant seeks credit are the disconnect switches (a system of conduits and wiring needed to operate a cooling system) and lighting fixtures. Plaintiff denies removing them and defendant simply stated they were missing after plaintiff moved. Because of extensive damage, defendant’s property could have been entered by anyone through a broken'plate glass window or openings ripped in the structure itself. As defendant’s testimony that these items were missing clearly fails to establish plaintiff took them, and as no other proof was offered by defendant on this matter, the trial court properly refused to allow a credit to defendant therefor.
Finally, we consider defendant’s claim for two exhaust fans and two stainless steel sinks. This equipment was purchased and installed by Joe Fein Caterers, Inc., the prior lessee and plaintiff’s vendor. When Fein sold the business it specifically transferred to plaintiff the sinks and fans as part of the equipment also being sold.
The triple pan sink was attached to the wall of the building by connecting it to pipes already installed in the wall and could be removed by unscrewing the connection. It was supported by legs unattached to any part of the building. The double sink was not connected to the walls of the building in any way. The fans were installed in the roof of the building in openings cut to fit them and were then bolted into place.
Defendant’s contention is that these fixtures became his property when they were installed under his written lease agreement with Fein. He relies on two lease provisions which essentially provide: (1) immovable improvements made by the lessee become the property of the lessor at the expiration of the lease; and (2) movable improvements, other than movable trade fixtures, made by the lessee, no matter how attached or installed, become the lessor’s property.
The sinks and fans could have become defendant’s property under the lease provision first set forth only in the event they were immovables by destination. For, in the absence of a lease provision to the contrary, the lessee retains the right to remove improvements he has made to the lease premises not attached with lime or cement. LSA-C.C. Art. 2726. Under the Civil Code and the jurisprudence a movable does not become immovable by destination unless it is placed on or attached to the real estate by the owner thereof, or by his direction, for its service and improvement; unless the same person owns both the movable and the real estate upon which it is placed the movable does not become immovable by destination. Industrial Outdoor Displays v. Reuter, La.App., 162 So.2d 160, and cases cited therein.
Obviously, in the instant case the sinks and fans were not immovables by destination since they were placed on the premises by the defendant-owner’s lessee. They remained movables and the first lease provision relied on by defendant to assert ownership is inapplicable because that provision relates only to immovable *761 property. They became the property of plaintiff when it acquired title thereto from the lessee, Fein.
Under the second lease provision relied on by defendant he would be entitled to retain any movables attached to the property in any manner whatsoever if such movables were not fixtures used by the lessee, Fein, in the conduct of its trade.
There is no evidence in the record to establish whether the exhaust fans or the steel sinks are movables generally used in the catering trade, the business operated by Fein. In our view it is quite possible these pieces of equipment are trade fixtures in the catering business. But since defendant failed to offer evidence to support his contention that they are not movable trade fixtures, it is unnecessary for us to classify them.
A defendant who pleads an affirmative defense, and set-off is an affirmative defense, 'bears the burden of proving what he asserts. See Ray v. Martin, La.App., 117 So.2d 839. Therefore, to successfully claim a credit for the sinks and fans under the second lease provision, it was incumbent on defendant to prove those items were not classified as trade fixtures. This he has failed to do; the record contains no such proof.
As we have disposed of the first contention made by plaintiff in its answer to the appeal, that the trial court improperly allowed any credit to defendant, plaintiff’s only remaining complaint of error is that the trial court assessed costs inequitably.
While LSA-C.C.P. Art. 2164 gives this court authority to “* * * tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.”, LSA-C.C.P. Art. 1920, using exactly the same wording, gives the trial court the same authority to tax costs in that court. Article 1920 provides: “ * * the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.” In view of the provisions of Article 1920 and the footnotes thereunder, it is clear that the imposition of costs is discretionary with the trial court. We are therefore of the opinion that, in the absence of an appellate change in the judgment appealed from materially affecting the issue of costs adversely to the manner in which the lower court has taxed the same, a change in the trial court’s imposition of costs properly can be made by the appellate court only where the trial court has abused its sound discretion in making the imposition.
In the instant case we have made no such change in the judgment and we find no such abuse of discretion. There was an understandable dispute relative to ownership of most of the property taken from the leased premises by the plaintiff. But in at least one instance, the water heater, plaintiff removed the property despite its admitted knowledge that the heater belonged to the defendant. In addition, both the trial court and this court have found that plaintiff’s removal of the compressor was improper. Under these circumstances, and even though we might have taken a different position had we heard the case on the trial court level, we cannot say the trial court erred in dividing the costs between the litigants rather than in assessing all costs against the defendant. Accordingly, we will not disturb the trial court’s imposition of costs.
For the reasons assigned, the judgment appealed from is amended to increase the credit allowed defendant from $200 to $410, thus subjecting the judgment of $3,-702.47 to a credit of $410. As thus amended, and in all other respects, the judgment appealed from is affirmed; defendant-ap-pellee to pay all costs in this court.
Amended and affirmed.