AYRES, Judge.
This is an action upon a promissory note and upon its assumption of payment by the defendant Lemon Tree of Ruston, Inc. From a judgment in favor of plaintiff against Thelma Calvin, one of the makers of the note, for $13,463.04, and against the defendant Lemon Tree of Ruston, Inc., on its assumption, for $8,450.00, only the later prosecutes an appeal.
The primary defense is that there was a failure of consideration for Lemon Tree’s assumption of the obligation. This defendant also asserts as errors the court’s failure to dissolve a writ of attachment, wherein certain of its assets were attached, and to award damages allegedly sustained for a wrongful attachment, or to assert jurisdiction, after the appeal, to test the sufficiency of the attachment bond.
Attention will be first directed to the procedural questions presented by appellant. We find no merit in the motion to dissolve the attachment. The trial court found that defendant’s president, who represented defendant as counsel, made statements to the effect that the trial of this case would be delayed through dilatory tactics beyond the vacation period of the court, and that, when plaintiff eventually obtained judgment, such judgment would in effect be an empty formality as, by then, there would be no assets out of which the collection could be made. The motion to dissolve the attachment was therefore properly overruled.
Defendant, however, complains of error committed relative to the order of proof on the trial of the motion to dismiss the attachment. This, we find harmless as no prejudice resulted therefrom inasmuch as all the evidence presented by both plaintiff and defendant was in the record and considered by the court in its action in sustaining the attachment. The court, moreover, required plaintiff to sustain his burden of proof warranting the attachment by a reasonable preponderance of the evidence.
Defendant further complains that the trial court failed to take jurisdiction of its motion to test the sufficiency or solvency of the attachment bond furnished by plaintiff as a prerequisite to issuance of the writ. This motion was filed after defendant had perfected its appeal from the judgment on the merits of the case. The judgment maintained the attachment.
A trial court has jurisdiction under LSA-C.C.P. Art. 5123 to test generally the sufficiency and validity of judicial bonds. However, after an appeal has been perfected, the testing of the sufficiency and validity of an attachment bond is not one of the prerogativés reserved to the trial court. The authority retained by trial courts with respect to bonds relates to the testing of the solvency of sureties on appeal bonds. LSA-C.C.P. Art. 2088(5).
Appellant cites Citizens Bank v. Hudson, 5 La.App. 194 (2d Cir. 1926), for the rule that a defective attachment bond must be corrected in the court of original jurisdiction and cannot be considered by the appellate court under Act No. 112 of 1916. This, of course, was under a prior law and, though that may have been the holding of the court, the court nevertheless stated:
“The sole ground which the defendant urges here for the reversal of the judgment is that the attachment should have been dissolved for the reason of the defect in the attachment bond, which is in the record and shows upon its face the defect presented in the motion to dissolve.
“We are of the opinion that the defendant by appealing from the judgment *766 rendered on default must be presumed to have waived his motion to dissolve the writ of attachment, and that this court must consider the cause as if no suggestion had been made before the trial court as to the insufficiency of the bond.
“The fact that a defective bond was filed did not invalidate the attachment; it only furnished a ground upon which the attachment may have been dissolved after certain preliminary proceedings as provided by law (Act No. 112 of 1916) had been taken, and the defect, although apparent on the face of the record, cannot be considered by this court.”
5 La.App. 194, 195.
The important facts material to the primary issue as disclosed by the record may be briefly reviewed. Eddie Davenport, plaintiff-appellee, signed, as an accommodation maker for Dr. John C. Calvin, Jr., and Callie Loche Calvin, a note dated July 22, 1966, for $18,726.00, payable to the First National Bank of Ruston. To secure Davenport for the obligation assumed by him through his signature on the note, Dr. John C. Calvin, Jr., pledged unto Davenport a mortgage note executed by Calvin July 22, 1966, covering a lot in Grambling, Louisiana, the improvements of which consisted of a brick store building.
In a deed dated December 27, 1967, defendant Lemon Tree of Ruston, Inc., acquired from Dr. John C. Calvin, Jr., Callie L. Calvin, and Grambling Urban Development, Inc., of which Calvin was president, in addition to the lot already mentioned, certain described realty in Morehouse and Richland Parishes as well as a quantity of movables consisting of fixtures and grocery store and market equipment such as scales, cash registers, a meat counter, a frozen food box, frozen storage, a vegetable box, a meat saw, sheer, grinder and block, and an adding machine. The price was recited to be $35,725.00, of which $2,-300.00 was paid in cash. The balance was represented by defendant Lemon Tree’s assumption of certain obligations of Dr. John C. Calvin, Jr., which included $8,450.00 of the mortgage note as recited in the assumption agreement and which was pledged to plaintiff, Davenport.
Following this transaction, Dr. John C. Calvin, Jr., and Callie Loche Calvin were adjudicated bankrupts April 17, 1968. Discharges followed in due course. The First National Bank of Ruston thereupon demanded of Davenport payment of the note which he had signed as comaker with the Calvins. On payment of the amount then remaining due, $13,463.04, the note was transferred to Davenport who thereafter instituted this action.
During the pendency of the proceedings as originally instituted, an agreement was entered into by and between defendant Lemon Tree and College Town Food, Inc., wherein defendant agreed to sell and College Town Food, Inc., agreed to buy the aforesaid lot and store building for a price of $30,000.00, conditioned upon the prospective purchaser’s obtaining a loan from the Small Business Administration. It was contemplated that plaintiff would be paid through this transaction.
The intended purchaser engaged the services of a local attorney to examine the title to the property on its behalf as well as on behalf of the Small Business Administration. In the course of this examination a survey of the lot and the improvements was made. This survey revealed that the store building was not entirely located upon the lot. That fact was testified to by the surveyor. The lot has a 40-foot frontage and a depth of 74 feet. The building, 40 feet in width and 72 feet in length, was erected back 8.6 feet from the street and therefore extended 6.6 feet beyond the west boundary of the lot. The north side of the building extended 11.7 feet beyond the north boundary line. Had the building been properly located on the lot, the overhanging eaves would have extended beyond the property lines.
With this information, that the title to the property was defective, Lemon Tree *767 procured a reopening of the case and thereupon specifically alleged, as an affirmative defense, a failure of consideration in its assumption of the note as a part of the consideration for the purchase of the property.
It appears appropriate to point out that the properties acquired by defendant Lemon Tree in Morehouse and Richland Parishes have been sold by it for sums aggregating $8,000.00, and no contention is made with reference to the title to the movables included in the purchase.
Failure of consideration is an affirmative defense (LSA-C.C.P. Art. 1005). The rule is well established in this State that he who pleads and relies upon a special or affirmative defense must affirmatively prove it. LSA-C.C. Art. 2232; Automatique New Orleans, Inc. v. Capitano, 211 So.2d 757 (La.App., 4th Cir. 1968); City Stores Company v. Jordan, 211 So.2d 709 (La.App., 4th Cir. 1968); Fontana v. State Farm Mutual Automobile Ins. Co., 173 So.2d 284 (La.App., 3d Cir. 1965 — writ refused); Bryant v. Johnson, 140 So.2d 758 (La.App., 2d Cir. 1962); Ray v. Martin, 117 So.2d 839 (La.App., Orl.1960).
Under the showing made that the brick building was not located entirely on the lot purchased, title to this particular piece of property, one of the three purchased, was defective and suggestive of litigation. Young v. Stevens, 252 La. 69, 209 So.2d 25 (1968); Cadow v. Jensen, 218 So.2d 355 (La.App., 4th Cir. 1969 — writ refused). In this connection, a rule has developed and is now well recognized to the effect that where several lots are sold for a single price, a defect in the title to any of the lots will justify a rescission of the sale as to all of the lots. Succession of Fay, 161 La. 1022, 109 So. 824 (1926); Jacobs v. Freyhan, 156 La. 585, 100 So. 726 (1924). This rule does not appear strictly applicable to the situation presented here where three parcels of realty as well as a quantity of movables were the subject of the sale for a single price, particularly in view of the fact that two of the tracts have been sold by the vendee who is, therefore, no longer in position to restore the former status quo. Thus, it may be only concluded that a partial failure of consideration has, at most, resulted. In this regard, it would appear the provisions of LSA-C.C. Art. 2514 would have some application. The article declares:
“If in case of eviction from a part of the thing, the sale is not canceled, the value of the part from which he is evicted, is to be reimbursed to the buyer according to its estimation, proportionably to the total price of sale.”
Thus it appears we may not conclude there has been a complete failure of consideration for defendant’s assumption and agreement to pay the debt assumed. The defendant, as already mentioned, sold the other two parcels of realty acquired in its purchase for a total price of $8,000.00. Moreover, there was some value in the movables acquired, though there is no showing of the amount.
Where there is only a partial eviction from the thing sold, which is apparently the situation presented here, the purchaser cannot ordinarily claim a rescission of the sale but is relegated to an action against the seller for reimbursement of a proportionate part of the purchase price. O’Reilly v. Poché, 162 So.2d 787 (La.App., 4th Cir. 1964). Defendant has that right against its vendors.
There is no showing that defendant’s assumption was without, or there was a complete failure of, consideration. The record establishes, without doubt, there was some consideration received. The burden being upon defendant to establish its affirmative defense of failure of consideration in its purchase of the property, and having failed to bear that burden, a result necessarily *768 follows that defendant has not established its affirmative defense to that degree of legal certainty and by a reasonable preponderance of evidence as required by law.
The judgment appealed is accordingly affirmed at defendant-appellant’s costs.
Affirmed.