347 So.2d 935 (1977)
BOHN FORD, INC.
v.
Betty K. LANZA.
No. 7952.
Court of Appeal of Louisiana, Fourth Circuit.
June 30, 1977.
*936 Alma L. Chasez, New Orleans, for plaintiff-appellant.
Before SAMUEL, REDMANN and LEMMON, JJ.
SAMUEL, Chief Judge.
This is a suit for $259.59 on an open account for transmission repairs made to defendant's automobile. The defendant answered, admitting the repairs had been made but averring they had "failed to correct the transmission problem". Following trial, there was judgment in favor of the defendant, dismissing plaintiff's suit. Plaintiff has appealed.
Defendant had purchased the used car from the plaintiff. Shortly after the 90 day warranty period and after the vehicle had been driven an additional 5,807 miles following purchase, the vehicle was returned to the plaintiff with complaints regarding the transmission. As a result of a test drive, plaintiff found the transmission hesitated and serviced the valve body, adjusted the bands, changed the transmission oil and put in a new rear grease seal. The charge for this work was $48.52, and defendant issued her check to plaintiff in that amount. However, defendant stopped payment on the check. She returned the car approximately one week after the repair work had been done, complaining that the transmission was still giving trouble. Plaintiff then completely dismantled and overhauled the transmission, for which work defendant was billed $211.07. Defendant paid that amount, but subsequently also stopped payment on that check.
Plaintiff's mechanic, a specialist in transmission repairs, testified he had made the second repairs and that following a test drive he had found the car was operating satisfactorily.
The plea that the repairs were defective or unsatisfactory is an affirmative defense and our settled jurisprudence is that a litigant so pleading bears the burden of proving that defense by a preponderance of the evidence.[1]
In this case the only evidence in the record relative to the affirmative defense is the testimony of the defendant herself. She stated: The car was in worse shape when returned after the first repair and still in bad shape after the second; it continued to have rattling noises in the motor, bucked and "didn't run right". After the *937 second occasion she brought the vehicle to her own mechanic who did the necessary repair work. However, she admitted she did not know what kind of repair work he had done.[2] She was not a mechanic and had not driven the vehicle in suit at all; the driving of that car was done by other members of her family.
Under these facts and circumstances, we must conclude defendant has failed to carry her burden of proving her affirmative defense.[3] Accordingly, we reverse insofar as the second charge of $211.07 is concerned.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the plaintiff, Bohn Ford, Inc., and against the defendant, Betty K. Lanza, in the full sum of $211.07, together with legal interest thereon from date of judicial demand until paid. Costs in both courts are to be paid by the defendant.
REVERSED.
REDMANN, Judge, dissenting.
Defendant took her one-year-old car (which she had bought in good condition from plaintiff 83 days earlier) to plaintiff on July 18, 1974 to have a "hesitating" transmission repaired. Plaintiff kept the car a week, returning it on, and being paid by check for $48.52 dated, July 25. On the next day, July 26, having meanwhile driven the car only 39 miles, defendant returned the car to plaintiff (and stopped payment on her $48.52 check) because, she testified, the car's condition was worse than it was before being repaired. Plaintiff this time kept the car four days, returning it July 30, when defendant gave her check for $211.07, the amount of the second repair charge. But, plaintiff testified, the car's condition was still not remedied. She therefore stopped payment on the $211.07 check and had the car repaired by another mechanic (at a cost excluded from evidence on plaintiff's objection).
Plaintiff's transmission mechanic testified he did not remember the car, but that he road-tested all cars he worked on and did not deliver any unless it was completely fixed. However, this car was not fixed the first time this witness repaired it, as proved by the fact that the very day after it was repaired it had to be repaired again by this witness. Moreover, this witness testified:
Q. After doing the work described on both of these two work orders, have you ever had transmissions of this type still require work shortly after this type of work that you did on this particular car?
A. I guess through the years. Any mechanic will have a certain amount of problems that come up on it. Yes, that's also possible.
The trial judge reasoned:
Although the mechanic for the Plaintiff testified that tests were conducted after each repair, the testimony of the Defendant is conclusive and unrebutted that the repairs made on July 26, 1974 also proved unsuccessful to remedy the mechanical defect. True, the Defendant could not describe in mechanical parlance the cause(s) of the problem(s) but considering the inexperience of most lay persons in this field, she did convey the idea that her car was still in the "same shape" after July 26, 1974. Her testimony has one inescapable conclusion: namely, that the two repair jobs failed to correct the mechanical problem(s) for which the Plaintiff seeks recovery [sic].
Under these circumstances, the Court concludes that the Plaintiff failed to prove its case by a preponderance of the evidence and accordingly, the Plaintiff's suit will be dismissed at the Plaintiff's cost.
Canter v. Koehring Co., La.1973, 283 So.2d 716, 724, instructs:
When there is evidence before the trier of fact which, upon its reasonable evaluation *938 of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error.
NOTES
[1] LSA-C.C.P. Art. 1005; Crescent Cigarette Vending Corporation v. Toca, La.App., 271 So.2d 53; Automatique New Orleans, Inc. v. Capitano, La.App., 211 So.2d 757; Richmond Engineering Co. v. James F. O'Neil Co., La. App., 138 So.2d 627; Ray v. Martin, La.App., 117 So.2d 839.
[2] Defendant's mechanic was not called as a witness and the record is devoid of any evidence emanating from him.
[3] Ray v. Martin, supra, note 1.