399 So.2d 661 (1981)
WOMACK BROTHERS, INC.
v.
EQUIPMENT RENTAL SERVICES, INC.
No. 14134.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
*662 Robert C. Funderburk, Jr., Baton Rouge, for plaintiff/appellee.
J. D. DeBlieux, Baton Rouge, for defendant/appellant.
Before ELLIS, COLE and WATKINS, JJ.
ELLIS, Judge.
Plaintiff, Womack Brothers, Inc., filed this civil action seeking recovery of charges for repairs it made on a diesel fuel-injection pump owned by defendant, Equipment Rental Services, Inc. Additionally, plaintiff prayed for attorney fees under Louisiana Revised Statute 9:2781, alleging that the action was one on open account. Trial on the merits resulted in judgment in favor of plaintiff for the repair charges and attorney fees.
Defendant appealed, complaining that the trial judge erred in the following respects: 1) placing the burden of proof upon defendant to show inadequate repairs; 2) finding that plaintiff proved its case by a preponderance of the evidence; 3) finding that defendant failed to show inadequate repairs; and 4) holding that the suit was one on open account, entitling plaintiff to attorney fees. Plaintiff answered the appeal, seeking an increase in the trial judge's award for attorney fees and an additional award for attorney fees on appeal.
Only two witnesses testified at trial: Roy LaFleur, general manager for plaintiff-corporation, and Henry L. DeBlieux, owner of defendant-corporation. Mr. LaFleur had worked for twenty-four years with pumps similar to the one involved herein, selling parts and testing them along with mechanics. Mr. DeBlieux had operated and used similar pumps for twenty-two years and had seventeen years of experience as a mechanic on such equipment.
*663 The record contains opinion testimony by both witnesses. However, only Mr. DeBlieux was formally tendered as an expert in the field of fuel-injection pump repair, after objection by plaintiff to questions soliciting opinion testimony from him. Upon his tender as an expert, plaintiff objected on the ground that he had not been properly qualified as an expert. The trial judge ruled that the objection would go to the weight of the evidence and that Mr. DeBlieux would be allowed to render his opinions on the subject. No objection was made to the opinions expressed by Mr. LaFleur. In fact, defendant first solicited such testimony from him.
Mr. DeBlieux testified that he detached the pump from his tractor engine and brought it to plaintiff for testing, because it had developed low horsepower. Plaintiff repaired the pump, and Mr. DeBlieux gave plaintiff a check for the work when he picked it up.
Mr. DeBlieux then installed the pump on the tractor engine and started it. He stated that the engine was "running good" for about twenty minutes and then "just quit". He removed the pump and found that the engine-mount shaft on which the pump was mounted had broken.
Mr. DeBlieux did not attempt to examine the pump. He returned it to plaintiff, who wanted additional money to repair it. Mr. DeBlieux then took the pump to Crawler, another place of business, and traded it for a new pump. He stopped payment on the check he had given to plaintiff for the repair work.
Mr. LaFleur testified that he checked the pump when Mr. DeBlieux brought it back and that he specifically noted that two "o" rings were on the pump, an old and a new one. He stated that only one "o" ring should be on the pump and that the extra ring probably caused a misalignment which resulted in a side-thrust, causing the pump to seize and the engine-mount shaft to break. Mr. LaFleur also stated that the manufacturer of the pump specifically listed this condition as one of several possible causes for the particular problem found in the pump. He further opined that the old "o" ring could have been mistakenly left on the engine mount when the pump was first removed for repair. Thereafter, when the pump and the new "o" ring were reinstalled, two "o" rings, the old and the new one, would have been on the mounting. He identified a pump produced in court as the pump plaintiff received from Crawler and the one which Mr. DeBlieux had brought to plaintiff for repair. Mr. LaFleur noted that two "o" rings were still on the pump, an old and a new one.
Mr. DeBlieux testified that it was not possible to misalign a pump on an engine mount. He stated that the pump itself had only one "o" ring on it when he installed it on the engine and that he did not know what would result if a pump were installed with two "o" rings instead of only one. Mr. DeBlieux also testified that he did not notice how many "o" rings were on the pump when he returned it to plaintiff after it had seized. Furthermore, he stated that he did not know what had caused the pump to seize, except that it must have been defective in some way.
Regarding the issue of burden of proof, we note that the record reveals the existence of a contract for repair work and that plaintiff did make repairs to the pump, after which it worked well for at least a short time. The alleged defectiveness of plaintiff's workmanship is an affirmative defense. La.Code Civ.P. Art. 1005; Bohn Ford, Inc. v. Lanza, 347 So.2d 935 (La.App. 4th Cir. 1977). The party asserting an affirmative defense has the burden of proving it by a preponderance of the evidence. Bohn Ford v. Lanza, supra; McDonald v. Champagne, 340 So.2d 1025 (La.App. 1st Cir. 1976). Hence, the trial judge did not err in placing the burden of proving defective workmanship on defendant.
We now turn to the trial judge's ultimate findings that plaintiff carried its burden of proof while defendant did not. The record reveals that, after initial repairs, the pump worked properly for a time. Then the pump seized and the enginemount *664 shaft broke. Defendant offered no explanation for the problem, except that the pump must have been defective in some way. Apparently, defendant relied upon the circumstantial implications of the short time between the repairs and the seizing of the pump in an attempt to establish defective workmanship. Plaintiff, however, offered evidence of another explanation for the problem, i. e. improper installation. This explanation was one specifically listed by the manufacturer of the pump as a possible cause of the problem.
The trial judge assessed the evidence and concluded that plaintiff had carried its burden of proof and that defendant did not show that the repairs were defective. These findings are entitled to great weight on appeal and should not be disturbed unless clearly wrong. After reviewing the record, we cannot say that the trial judge's findings are clearly wrong; we find no manifest error therein. Arceneaux v. Dominque, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
However, we do find error in the award of attorney fees pursuant to Louisiana Revised Statute 9:2781. The repair work on the pump was a single job, for which defendant tendered payment immediately (although later revoking it). The record contains no evidence of other business transactions between the parties, a line of credit extended to defendant, or any expectation of future dealings. In fact, the invoice for the repair work on the pump, which plaintiff introduced in evidence, specifically refers to the agreement as a "cash" transaction. Under these circumstances, we cannot find that this action is one on open account, entitling plaintiff to attorney fees. Jenkins v. Dicon, Inc., 387 So.2d 649 (La.App. 1st Cir. 1980); Benglis Sash & Door Co., Inc. v. Leonards, 378 So.2d 992 (La.App. 3rd Cir. 1979), rev'd on other grounds, 387 So.2d 1171 (La.1980); Richards v. Gulfco Electronics Corp., 360 So.2d 609 (La.App. 4th Cir. 1978), writ denied, 363 So.2d 69 (La.1978). Accordingly, we also reject plaintiff's request for attorney fees on appeal.
For the foregoing reasons, the decision of the trial judge allowing the plaintiff's main demand of $302.10 is affirmed. The portion of the trial judge's decision allowing attorney fees is reversed. Costs of this appeal are to be borne equally by plaintiff and defendant.
AFFIRMED IN PART, REVERSED IN PART, AMENDED AND RENDERED.