EDWARDS, Judge.
Roadrunner Truck Stop, Inc., and William Juneau suspensively appeal a trial court judgment condemning them to pay $24,409.97 plus interest and all costs and maintaining a writ of sequestration with recognition of plaintiffs privilege over certain property. We affirm as amended.
The record reveals that on January 6, 1981, plaintiff, J & M Sales and Service, Inc., through its president, James F. Harrison, and in the presence of a witness, John J. Bryan, sold William Juneau and his admittedly non-existent corporation, Roadrunner Truck Stop, Inc., $20,691.77 worth of truck repair equipment.
The record further reveals that Juneau paid a $2,000.00 deposit which, although termed earnest money, was clearly non-refundable. Juneau was also informed that if the equipment were returned, there would be freight charges as well as a restocking or return fee.
The equipment was delivered to Juneau and was accepted at his premises and on his behalf by one Alfred M. Anderson, an independent tire repairman who, although not in Juneau’s employ, nevertheless worked out of Juneau’s place of business. Juneau admitted to knowing of the delivery and custody of the equipment. At no time prior to delivery did Juneau ever attempt to withdraw from the sale.
Other than the initial $2,000.00, Juneau paid nothing despite numerous calls on be *205 half of plaintiff. Eventually, plaintiff brought suit for the balance due of $18,-691.77, for $718.20 in freight charges, and for attorney fees, interest and costs. Plaintiff also sought and was granted a writ of sequestration and most, but not all, of the property sold to Juneau was located and seized.
Following trial, judgment was signed awarding plaintiff $19,409.97 for the equipment and freight charges, $5,000.00 in attorney fees, interest and all costs. In addition, the writ of sequestration was maintained recognizing plaintiff’s privilege. This appeal followed.
Initially, we note that plaintiff sued and took a preliminary default against Alfred M. Anderson. No further mention of Anderson appears and the signed judgment is silent as to plaintiffs claim against him. Pursuant to LSA-C.C.P. Art. 927, we note, on our own motion, that plaintiff had no right of action against Anderson, a wrong party defendant, and dismiss the claim as to him.
Appellants urge that the trial court erred in:
1. finding there was a valid sale;
2. enforcing the contract rather than permitting plaintiff to only retain the $2,000.00 in earnest money;
3. awarding plaintiff both the equipment and full sale price without credit for the $2,000.00 initially paid;
4. awarding attorney fees;
5. finding delivery was made; and
6. finding the equipment delivered was the equipment on the invoice.
The trial court found there was a valid sale, that delivery was made, and that the equipment delivered, much but not all of which was recovered, was the equipment listed on the invoice. We agree. Furthermore, it is obvious that defendants were credited with the $2,000.00 down payment. The full price of $20,691.77 plus $718.20 in freight charges, less the $2,000.00 paid equals $19,409.97, the amount for which defendants were cast.
Even if defendants had the option of withdrawing from the sale by forfeiture of the $2,000.00 deposit, which is questionable, defendants made no attempt to do so but accepted delivery, held the equipment for several months, and refused to return it without prior payment of the $2,000.00.
LSA-C.C.P. Art. 3511 provides:
“A creditor who seizes property under a writ of attachment or of sequestration acquires a privilege from the time of seizure if judgment is rendered maintaining the attachment or sequestration.”
Clearly, the trial court did not award plaintiff both the equipment and sale price but awarded the sale price and simply maintained the sequestration while recognizing plaintiff’s privilege.
Without stating reasons, the trial court awarded plaintiff $5,000.00 in attorney fees. Since no contract provided for same, we presume the award was made on the basis the sale was on open account and subject to LSA-R.S. 9:2781.
Under the law and jurisprudence controlling at the time this sale was made, January 6, 1981, single transactions were not generally considered as establishing open accounts which would entitle one to attorney fees. O.J. Rivero Towing Company v. Coastal Flex Company, Inc., 414 So.2d 1384 (La.App. 4th Cir.1982); Womack Brothers, Inc. v. Equipment Rental Services, Inc., 399 So.2d 661 (La.App. 1st Cir. 1981).
Nothing in the record reflects evidence of other business transactions between the parties, a line of credit to the defendant, or any clear expectation of future dealings. On its face the sale was a one time cash transaction. For that reason, the award of $5,000.00 in attorney fees was improper and must be deleted.
For the foregoing reasons, the judgment appealed from is affirmed except as to the award of attorney fees which is deleted. All costs, both trial and appellate, are to be paid by William Juneau and Roadrunner Truck Stop, Inc.
AFFIRMED AS AMENDED.