## CITIZENS' HARDWARE & FURNITURE CO. v. JONES.

### No. 4818.

Court of Appeal of Louisiana. Second Circuit.

May 4, 1934.

Wayne Stovall, of Jonesboro, for appellant.

Scarborough & Barham, of Ruston, for appellee.

TALIAFERRO, Judge.

Plaintiff brought this suit to recover an alleged balance due by defendant on open account. The account was for goods, wares, and merchandise, and began May 16, 1929, and continued regularly until November 29, 1930, when the last charge thereon was made. This suit was filed November 10, 1932.

Defendant denied that he is indebted unto plaintiff in the sum of $891.73 with interest, as alleged in its petition. Defendant also filed a plea of prescription of three years in bar of the account sued on.

There was judgment in the lower court sustaining the plea of prescription as to all of the account prior to November 10, 1929, and awarding plaintiff judgment for the aggregate of all items charged thereon from November 10, 1929. Plaintiff appealed.

The total of the account sued on was $1,084.33. This includes $107.53 interest, charged at 8 per cent. Therefore, the principal amount was $976.80. The total credits aggregate $192.50, leaving a balance of $784.-30 in principal due on the account. Included in the account is the price of one Victrola, $165. It is admitted that this instrument was not purchased on the same basis as other articles were, but that it was to be paid for at the rate of $12 per month. The price was incorrectly included in the account. Therefore, the payments on the Victrola account, which embrace nearly all the credits given defendant, did not operate as an acknowledgment of the merchandise account, nor had the effect of interrupting the current of prescription against it.

It is conceded that all of the payments made by defendant were on account of the price of the Victrola, except $19 on October 24, 1930. It is fairly well established that this amount was intended to pay for merchandise purchased when, or about when, the payment was made, and for that reason should not have been entered as a credit on the account.

It appears that some of the items of merchandise charged to defendant were purchased by his wife, while others were purchased by tenants on his father's farm. He denies that he authorized these purchases to be made in his name or for his account, and denies any liability therefor; and for this reason he persistently denied the correctness of the account against him, refused to liquidate it by his notes, and declined to make payments thereon.

The lower court found that the account had not been acknowledged by defendant before prescription accrued against any part of same, and that the current of prescription was only interrupted by the filing of this suit. We agree with these conclusions, and affirm the judgment appealed from.