FRUGÉ, Judge.
This is a suit for damages for breach of contract brought by James Williamson against T. L. James & Co., Inc. The defendant secured a contract to construct several bridges in St. Landry Parish. Plaintiff alleges that on January 12, 1953, he and J. E. Walters, agent and project manager of the defendant, entered into an oral contract for plaintiff to place and tie all reinforcing steel on all of the bridges to be built. In February of 1953 plaintiff discovered that the contract for placing and tying of steel on the bridges had been let to someone else.
Plaintiff brought suit for breach of contract, contending that he had incurred expenses, damage to his reputation, and loss of wages and profits because of the breach. The district court rendered a judgment for the defendant, holding that the plaintiff did not sustain his burden of proving the existence of a contract. From this judgment, plaintiff appeals.
The only question for consideration is whether or not plaintiff has proved the existence of a contract.
Article 2277 of the LSA-Civil Code provides that “all agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.” It is admitted by the defendant that if there was a contract, it was in excess of five hundred dollars. Therefore, plaintiff had to prove the existence of the contract by at least one credible witness and other corroborating circumstances under Article 2277 of the LSA-Civil Code.
Plaintiff testified and introduced other testimony to the effect that a contract *417 had been entered into between himself and the defendant. However, there was conflicting testimony by agents of the defendant showing that there was no contract. “ ‘Since the requirement of Article 2277 R.C.C. is such that it of necessity draws into its legal vortex the sufficiency of proof shown by the record, and since the evidence is correlated with the credibility of the witnesses, the district judge’s conclusions must be accepted, unless they are manifestly erroneous.’ ” During v. Thi-bodeaux, 224 La. 814, 70 So.2d 882, 883. Based on the entire record, we cannot say that the trial judge, being in a position to observe the witnesses, was manifestly erroneous in concluding that the plaintiff did not prove the existence of a contract.
For the foregoing reasons, the judgment of the district court is affirmed, with costs of this appeal assessed to the plaintiff.
Affirmed.