YARRUT, Judge.
Plaintiff sued defendant on October 10, 1960, to recover $1,355.25 balance due for equipment, supplies, and construction work furnished to and done on various boats for defendant, from March 25, 1953, to August 23, 1960.
Defendant pleaded the prescription of one year under LSA-C.C. Art. 3534, governing supplies of wood and other things necessary for the construction, equipment and provisioning of ships and other vessels; and the 3-year prescription under LSA-C.C. Art. 3538, governing accounts of merchants, whether selling for wholesale or retail; both of which cease only from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced. These pleas were referred to the merits.
Defendant then filed a general denial, alleging he had not been given credit for many invoices he had paid; and that work done on boats owned by others, on which he was merely an employee, had been charged to him; and that Plaintiff was guilty of laches in waiting eight years to file a suit for some items claimed after most of Defendant’s financial records had been destroyed in Hurricane “Flossie”.
On the merits, the trial Court upheld the plea of prescription of three years, under Article 3538, and rendered judgment for Plaintiff for invoices totaling $209.72, incurred within the three-year prescription period. Plaintiff alone'has appealed.
The testimony of Defendant, his daughter-in-law, and his son shows that he never intended to have or keep an “open account” with Plaintiff, and never intended to make any payments “on account”, although he understood the meaning of the term. Defendant’s testimony shows that he dealt with Plaintiff on a job-by-job basis, paying for specific jobs or invoices, one or several at a time, within a short time, usually a few weeks, after the completion of each order. The testimony of Plaintiff’s officials clearly indicates an intention to conduct business with Defendant in this fashion and that they accepted, without objection, Defendant’s method of paying for specific jobs or invoices, although they had ample opportunity to apply his payments to older invoices, or to apply the payments generally “on account” had this been their understanding. The testimony of Mr. Hadaway, Plaintiff’s accountant, and the itemized “Statement” or ledger sheet of Plaintiff to which he was referring, show this conclusively.
Over a 3i/i year period, approximately April 11, 1957, to August 2, 1960, there are 38 invoices listed and 14 payments made. Hadaway specifically identified each invoice on which payments were made. At times a *134 payment covered only one invoice, sometimes several; yet, during this 3(4 year period, 14 invoices were skipped periodically and were never paid. The testimony of Plaintiff’s chief clerk or bookkeeper (Guidry) corroborates the testimony of Hadaway.
In view of the testimony of these two officials of Plaintiff, it is clear that Plaintiff and Defendant dealt on a job-by-job basis, each job handled and paid for separately, a short time later. Under such an arrangement payments made for each specific job could not be credited to a general “open account”, which was not in existence. Citizens’ Hardware & Furniture Co. v. Jones, La.App., 154 So. 375.
The pivotal and decisive question, as concluded by the district judge, is the effect and intent of the $50.00 payment made on August 22, 1958; whether it was a payment on a general “open account” extending over a period of seven years, or a payment for a specific invoice on a job-to-job or purchase-to-purchase basis. If the former, then this $50.00 payment interrupted prescription; otherwise it did not. The facts surrounding this payment are:
On August 11, 1958, Plaintiff undertook .an item of work for Defendant which rendered him Invoice No. A-8007 for $95.74. On August 22, before any other work of any kind was done, Defendant paid $50.00, obviously a payment on account of this bill of $95.74, No. A-8007. On October 7, 1958, Defendant made two additional separate payments, one for $45.74 to complete the payment of Invoice A-8007, and another in the amount of $131.45 to pay three other invoices — A-8324, 8361 and 8468.
Accountant Hadaway testified he considered the $50.00 payment as a partial payment of Invoice No. A-8007 for $95.74, which was completed later by the $45.74 payment of October 7, 1958. Plaintiff’s bookkeeper, Guidry, again corroborated Hadaway.
Guidry testified that, on the same day, October 7, 1958, on which he showed on his deposit report the credit of $45.74 as being “on account” he stamped Invoice “A-8007” in the amount of $95.74 “paid”.
There can be no doubt that all parties intended to handle Invoice A-8007 in this customary manner- and applied the $50.00 and the $45.74 payments on invoice A-8007.
The district judge stated in his reasons for judgment, inter alia:
“ * * * This latter payment consisting of a $50.00 payment and then a $45.74 payment, is urged by plaintiff in bar of the plea of prescription and plaintiff insists that the $50.00 payment was on account. However, his books, as reflected on the reverse side of document P-2, show that specific allocation was made to Invoice 8007 for $95.74. The Court is of the opinion that most of the items of this account have in fact prescribed, and that the plaintiff is only entitled to recover for those which have not prescribed.”
When, by agreement expressed or implied, purchases are made separately, invoiced separately, and payments are made and accepted on specified invoices in full or on account, such payments relate only to the specified invoice and do not interrupt prescription as to any other invoice or invoices. Citizens’ Hardware & Furniture Co. v. Tones, supra. Cohen v. Toy, La.App., 150 So.2d 605.
In view of the soundness of the pleas of prescription, the question whether Plaintiff adequately proved furnishing all the items claimed has become moot, since Defendant has neither appealed nor answered Plaintiff’s appeal.
Judgment is affirmed; Plaintiff to pay all costs in both Courts.
Affirmed.