LOTTINGER, Judge.
This is a suit based on an open account for repairs done to a diesel engine. The Trial Court found judgment in favor of the plaintiff, Great Marine Corporation, and the defendant, Nolan Vinet, has appealed.
The record points out that during the summer of 1963, the defendant, Nolan Vi-net, delivered a diesel engine, for repairs, to the plaintiff. This diesel engine was used by the defendant in an oyster boat. Mr. Vinet testified that when he delivered the diesel engine to the plaintiff’s repair shop he requested that they change the gaskets. Mr. Joe Bagala, chief mechanic of the plaintiff, testified that the defendant requested that his diesel engine be placed in “A-l shape”. The plaintiff thereupon proceeded to make repairs to the diesel engine. The defendant testified that he stopped by the repair shop several times to check on the progress that was being made on his engine. On September 30, 1963, the plaintiff sent Mr. Vinet a bill for parts and labor in repairing the diesel engine in the amount of $2,594.05.
On November 11, 1963, the defendant had someone pick the engine up at the repair shop and deliver it to his boat which was at that time in dry dock. The engine was installed in his boat, though not by the plaintiff, and subsequently, an employee of the plaintiff went to the dry dock, completed the installation of the engine and checked the engine out. Mr. Vinet then took his boat to Bayou Caddy, Mississippi, which is, according to the testimony of Mr. Vinet, ninety miles from Larose, Louisiana. The defendant was at this time working his boat out of Bayou Caddy. Mr. Vinet testified that the engine which he had just repaired used approximately five gallons of oil on the trip to Bayou Caddy. He further testified that he informed Mr. Bagala of this, but Mr. Bagala denied that he was ever told by the defendant of this extreme use of oil. Mr. Bagala further testified that the first he knew of *482 any trouble was when the plaintiff received a letter from defendant's attorney, on January 20, 1964, informing plaintiff that there was engine trouble because the oil and water were mixing. On February 13, 1964, Mr. Bagala traveled to Violet, Louisiana, where this particular boat was then located and performed labor and installed parts on the diesel engine in the amount of $846.33. The defendant was also sent a bill for this amount. Mr. Ba-gala testified that it was his opinion that the repairs which were represented by the sum of $846.33 were caused by negligent operation of the engine.
At no time after September 30, 1963, the date that the bill for $2,594.05 was sent to the defendant, did the defendant complain of the amount and costs of the repairs done to his engine. Further, there is no mention of any dispute as to the amount of repairs to the engine made in the letter from Mr. Vinet’s attorney to the plaintiff informing him of the trouble with the engine on January 20, 1964. Because of its inability to collect on the account, plaintiff filed suit for the sum of $3,440.38. From a judgment in favor of the plaintiff, defendant has perfected this appeal.
The main contention of defendant-appellant is that the Trial Judge erred in basing the decision of the Trial Court on the fact that this was a suit based on an open account, whereas, in truth and fact, this was a contract. The law relative to proof is found in LSA-C.C. Art. 2277, which provides :
“All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.”
A look at the list of individual items and parts which were placed on this particular engine shows that no part was valued at more than $500.00. It is the well settled jurisprudence of this state that in actions on open accounts, composed of various items not exceeding $500.00 each, the action “may be proved by any other competent evidence.” Daughdrill v. Williams, 191 So.2d 653 (La.App. 2d Cir., 1966). Therefore, if this is truly an action on open account, we are of the opinion that the plaintiff has amply proved his case.
Conceding for the sake of argument that this was a suit based on contract, where the amount is above $500.00 in value, the plaintiff must satisfy the requirement of proof by at least one credible witness and other corroborating circumstances.
We are of the opinion that it is well established that the plaintiff can serve as the credible witness required by Article 2277, King v. Jarvis, 144 So. 616 (La.App. 4th Cir., 1962), and therefore, we can see no reason why an employee of a corporation, as the plaintiff is in the instant case, could not serve as a credible witness. The credibility of Mr. Bagala, chief mechanic for the plaintiff corporation, has not been attacked by the defendant-appellant. We therefore must find that the plaintiff has satisfied the requirement of one credible witness.
The most corroborating circumstance to be found concerning the instant case is the fact that on January 20, 1964, the defendant’s attorney wrote the plaintiff informing it of trouble with the subject engine in that oil and water were mixing. That nowhere in this letter was any mention made that the plaintiff had performed more work than was requested on the subject engine. Further, Mr. Vinet testified that he stopped by the plaintiff’s repair shop several times during the course of the repair to his engine, and it is quite evident from the testimony that at no time did he object to the amount of work being done to his engine.
The defendant-appellant attempted to prove that the engine was defectively *483 repaired by the plaintiff. After listening to all the witnesses as presented by the defendant, the Trial Judge was not convinced that the plaintiff had defectively repaired this particular engine and neither are we. Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed.
All costs of this appeal are to be paid by the defendant-appellant.
Judgment affirmed.