TAYLOR, Judge.
This demand, styled a suit on an open account, was filed by plaintiff-appellee, Roy A. Troendle, d/b/a Troendle Floor Service, against defendant-appellant, Arnold J. Boudreaux, d/b/a Arnold J. Boud-reaux General Contractor, in which plaintiff seeks $999.00, the alleged unpaid balance due for material and labor furnished to defendant. In his petition, plaintiff alleges that he sold and delivered to defendant certain materials “for leveling of [a] floor and for installation” and that defendant has paid no part of this account. From a judgment in favor of plaintiff in the full amount prayed for, defendant prosecutes an appeal to this court.
The record reflects that defendant entered into a written contract with American Flavor Corporation for certain repairs *733 and renovations to the premises 301 Royal Street in the City of New Orleans. Defendant as general contractor then subcontracted with plaintiff for the performance of certain aspects of the work to be done on these premises. However this contract with plaintiff was not reduced to writing and therein arises the present difficulty.
Plaintiff, considering his demand to be one on an open account, testified that he contracted to and, pursuant to said contract, did repair a broken concrete slab with pea gravel and then laid vinyl asbestos flooring over the slab. He further identified certain business records which were introduced into evidence to corroborate the sum due and owing him for the performance of the job. The records introduced were copies of bills sent to defendant representing plaintiff’s charges for labor and material furnished. There is no independent evidence in the record in the form of cancelled checks or invoices to show the amounts expended by plaintiff. Nor did plaintiff offer the testimony of any other witnesses to prove the terms of his contract with defendant. However plaintiff asserts that he repaired the slab and then furnished Johns-Manville Brick tile costing $.75 a square foot, which he laid over a 1,050 square foot area all pursuant to the terms of his contract with defendant.
The defendant on the other hand admits to being in contract relationship with plaintiff but denies the terms of the contract are as plaintiff has stated. Defendant averred that he did not contract with plaintiff for the repair of the concrete slab. He further stated that the area he contracted with plaintiff to tile was only an 800 square foot area and that the tile was to be Armstrong tile which was to cost $.40 a square foot.
The principal question we are thus called upon to decide is whether or not plaintiff’s suit is one on an open account or one on a contract. If it is one on a contract, plaintiff has not introduced evidence sufficient to establish a prima facie case on his own behalf because he has not proven the terms of his contract with defendant.
The record establishes the fact that defendant contacted plaintiff prior to the time he signed the contract with American Flavor Corporation and discussed the work which he wanted plaintiff to perform and the price for which it could be done. The purpose of so doing was obviously to enable defendant to present a bid on the job to American Flavor Corporation. Thus when plaintiff entered into a contractual relationship with defendant the terms of the contract were fixed and certain and pertained to one particular job only. This being the case we are of the opinion that the amounts defendant owed plaintiff for the work performed under this contract did not constitute an open account. Although plaintiff and defendant had had business dealings in the past, it appears that it was always on a job by job basis for which defendant paid plaintiff in full thereafter. When persons deal on such a basis, payments may not be credited to a general open account because such does not exist but must be credited to the specific job only. Grand Isle Shipyard, Inc. v. St. Pierre, La.App., 163 So.2d 132 (1964). Moreover the rights of each party to recover from the other depend upon the terms of the specific contract under which a claim is made.
Since plaintiff’s rights arise by virtue of his oral contract with defendant and since the amount demanded is in excess of $500.00, plaintiff must prove the terms of his contract by “at least one credible witness and other corroborating circumstances.” LSA-C.C. art. 2277; Hoffpauir v. La-Cal Mud Specialties, Inc., La.App., 165 So.2d 65 (1964). However at present, the record contains insufficient evidence to establish the terms of the contract which the parties confected. In fact this is the main bone of contention between the parties at the present time. Defendant admits to owing plaintiff something but disputes that it *734 is as much as plaintiff claims because plaintiff did not comply with the terms of his contract. Since the record does not contain sufficient evidence on which we may render judgment at the present time, we are of the opinion that, in the interest of justice, the case must be remanded to the lower court in order that plaintiff may be given an opportunity to prove the terms of his contract with defendant.
For the foregoing reasons, the judgment of the lower court is annulled and set aside and the case is remanded to The Second City Court for the Parish of Orleans, to permit plaintiff to establish his claim by competent evidence, if possible. Costs of this appeal shall be paid by plaintiff-appel-lee, all other costs to await final judgment.
Annulled and set aside.
Case remanded.