REDMANN, Judge.
This case returns to us after remand, 246 So.2d 732, for the purpose of allowing corroborative evidence in view of our then conclusion it was a suit on a verbal contract over $500 (C.C. art. 2277) rather than an open account.
The testimony establishes that plaintiff flooring contractor had worked for defendant general contractor on many previous occasions. Plaintiff testified he always worked on a basis of cost plus 10% profit plus 10% overhead. Defendant claims that the normal arrangements were that plaintiff would bill the owner direct rather than bill defendant, but does not dispute the basic cost-plus-20% figures (although there is some dispute on this question as to the tile here involved). There is no dispute that defendant has some obligation to plaintiff, but there are three areas of dispute as to quantum.
The first dispute is whether the entire 1,050 sq. ft. floor or only an 800 sq. ft. part was to be resurfaced and covered with vinyl asbestos tile. The general contract (between defendant and American Flavor Corp.) recited, without limitation of area, “Patch concrete floor and install new vinyl asbestos brick floor tile color selected by owner.” Although plaintiff may not have seen this contract, it does offer some corroboration to plaintiff’s testimony that he was told by defendant to do the entire floor. Another witness, Mrs. Demonn, who was to operate the renovated premises under an agreement with American Flavor Corporation, testified she was with defendant when he spoke with the owner’s representative by phone, and it was her impression defendant agreed to do the whole floor (which was her desire, also). We conclude there is sufficient corroboration of plaintiff’s testimony on this point.
Another area of dispute relates to the refinishing of the concrete floor by pouring more concrete over it. Plaintiff testified he agreed to flash patch the concrete at a cost per bag which would have amounted to $400 or more, because of which the cheaper concrete was used with defendant’s concurrence. Defendant denied any such authorization, insisting that he was unwilling to pour additional concrete. He did not know it was being done until too late to stop it. But the general contract’s requirement to “patch concrete floor” and the testimony of plaintiff and Mrs. Demonn on the original condition of the floor suggest that the implied obligation of good workmanship required that substantial resurfacing be done. We conclude these circumstances sufficiently corroborate plaintiff on this point.
The third dispute relates to the kind of tile used. Plaintiff testified defendant told him to use tile which had been selected by Mrs. Demonn at a Johns-Man-ville supplier (who did not stock Armstrong tile). Mrs. Demonn corroborated that defendant told her to select the tile from that supplier. Defendant denies this, and testifies that, prior to entering the general contract, he had agreed with plaintiff upon the use of an Armstrong tile which was to be laid at a cost of 40^ a square foot. Plaintiff denies this figure being discussed. We conclude that the preponderance of the evidence, from the testimony of plaintiff and Mrs. Demonn, is that defendant authorized whatever tile Mrs. Demonn selected at the supplier he sent her to.
*377 Plaintiff’s billing amount is corroborated to some extent by the showing of checks totalling $754.47, with dates and payees identified with this project. That amount plus 20% ($150.85) equals $905.32. The difference is apparently due to a $65 item for labor for protective taping of cabinets and moving boxes. The boxes were of air conditioning equipment, which (under the general contract) were not defendant’s responsibility, and we find no corroborative evidence of liability for this item. The taping was necessary and was done, and we feel a total of $15 would roughly approximate a proper allowance for taping.
The judgment is amended by reducing it from $999.00 to $920.32 and affirmed.