274 So.2d 484 (1973)
Jesse L. AYDELL and Edward A. Williams, d/b/a Challenge Cabinets, Plaintiffs-Appellees,
v.
FONTAINE ABBOTT CONSTRUCTION COMPANY, INC., Defendant-Appellant.
No. 9207.
Court of Appeal of Louisiana, First Circuit.
February 28, 1973.
Erwin A. LaRose, Baton Rouge, for defendant-appellant.
Carl A. Guidry, DeBlieux, Guidry & Lowe, Baton Rouge, for plaintiffs-appellees.
Before SARTAIN, BLANCHE and WATSON, JJ.
SARTAIN, Judge.
This is a suit on an alleged oral contract for damages occasioned by defendant's breach thereof. Defendant appeals from a judgment awarding plaintiffs damages in the amount of $2,617.92 which represents the amount plaintiffs paid for certain custom made doors and millwork supplies which had been ordered in furtherance of the alleged contract, less the amounts plaintiffs received from the sale of several of the doors.
The record reflects that defendant is engaged in a general contracting business and plaintiffs are engaged in a millwork and cabinet making business. In May and June of 1968 defendant prepared bids on the construction of the Wildlife and Fisheries Building and a multi-purpose building in Baton Rouge and was subsequently awarded the contracts on both jobs. Plaintiffs submitted bids for the millwork on the two jobs to defendant on May 23, 1968 for the Wildlife and Fisheries Building and on June 5, 1968 for the multi-purpose building. These bids were submitted to defendant through its authorized employee, Mr. Earl P. Broussard.
Mr. Jesse Aydell testified that when he learned that defendant had been given the contracts on both jobs he telephoned Mr. Broussard and was told that he had been awarded the jobs for the millwork on both structures. It is clear from the record that Mr. Broussard, defendant's employee, had the authority to award such contracts and could bind defendant therefor. On the same day Aydell had lunch with Mr. Broussard and was given the plans and blueprints for both jobs, which plans and *485 blueprints were introduced into evidence and are a part of the record. Plaintiffs then proceeded to make shop drawings from the plans given to them by Mr. Broussard and ordered the custom made doors needed on the two jobs.
Subsequently Aydell and Williams discovered that another subcontractor had ordered doors for the Wildlife and Fisheries Building and that someone else had measured for the doors on the multi-purpose building. Upon contacting defendant plaintiffs were told that the jobs had been awarded to another subcontractor who had submitted a lower bid. Whereupon plaintiffs then brought suit seeking to recover the amount expended on the doors.
Both Mr. Earl P. Broussard and Mr. Fontaine Abbott testified that plaintiffs were not the low bidders on the two jobs and that plaintiffs had never been awarded contracts on either job. Mr. Broussard testified that at his luncheon meeting with Mr. Aydell he told him that he wanted to work with him on the jobs and that he gave Aydell the plans and blueprints, but that he never actually gave plaintiffs the job.
Although we are not favored with written reasons for judgment by the trial court, it is apparent that the district judge chose to adopt plaintiffs' version of the matter and found that there was in fact an oral contract which had been breached by defendant.
Defendant asserts that the trial court erred in finding that an oral contract existed and argues that plaintiffs did not sustain the burden of proving the existence of the same.
The only issue presented is whether or not plaintiffs have proved the existence of the oral contract.
C.C. Art. 2277 provides:
"All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances."
It is clear that the amount involved in this dispute is in excess of five hundred dollars and therefore plaintiffs have to prove the existence of the oral contract by the testimony of one credible witness and other corroborating circumstances.
One of the plaintiffs, Mr. Jesse Aydell, testified that he was told by Mr. Broussard that the millwork jobs on both buildings had been awarded to him and Mr. Williams. Defendant argues that this testimony is contradicted by the testimony of both Mr. Broussard and Mr. Abbott and therefore should not be accepted as meeting the one credible witness requirement of Article 2277. However, it is well established in our jurisprudence that the testimony of a party plaintiff can serve as the testimony of one credible witness in order to prove an oral contract in excess of five hundred dollars. King v. Jarvis, 144 So.2d 616 (4th La.App.1962); Great Marine Corporation v. Vinet, 217 So.2d 480 (1st La. App.1968), writ refused, 253 La. 739, 219 So.2d 515 (1969).
Defendant also asserts that there were no "other corroborating circumstances" shown by plaintiffs as required by Article 2277. In support of this contention defendant relies on the cases of Williamson v. T. L. James and Co., Inc., 158 So.2d 416 (3rd La.App. 1963) and Troendle v. Boudreaux, 260 So.2d 375 (4th La.App.1972). In Williamson the court held that the ruling by the trial court that the conflicting testimony of the witnesses showed no contract existed was not manifestly erroneous. In Troendle the court concluded that the testimony of the plaintiff was sufficiently corroborated by the testimony of another witness who stated it was her "impression" that defendant had agreed to the oral contract. We find the facts of these two cases inapposite to the facts presented in this case.
*486 In the case at bar Mr. Aydell testified that Mr. Broussard told him that he had the contract. Mr. Broussard testified that he did not give Aydell the job but Broussard further stated that he told Aydell he wanted to work with him on both jobs. In addition Mr. Broussard gave Aydell the plans and blueprints from which plaintiffs made their shop drawings. Plaintiffs then ordered the required materials and doors as called for on the plans.
In the case of Jolley Elevator Company v. Schwegmann Bros. Giant Super Mkts., 230 So.2d 640 (4th La.App.1970), writ denied, 255 La. 813, 233 So.2d 251 (1970) it was held that the ordering of materials for installation of an elevator corroborated an alleged oral contract and plaintiff was allowed damages for defendant's breach thereof. In reaching this conclusion the court stated at page 643: "If there was no agreement, why would Jolley have ordered the material that he was sure to have to pay for?"
In the case at bar the doors ordered by plaintiffs were of a custom type made especially for the particular jobs involved and plaintiff would not have ordered them if indeed there had been no oral contract. We find that this is an additional corroborating circumstance evidencing the alleged oral contract between plaintiff and defendant.
Defendant also asserts that since no purchase order was sent to plaintiffs giving them authority to proceed, this is evidence that no oral contract had been entered into by the parties. Mr. Fontaine Abbott testified that it was the usual procedure to issue a purchase order as evidence of an oral contract with a subcontractor on jobs of this nature. However, several other witnesses testified that this purchase order procedure was not uniformly followed and even Mr. Abbott testified that there were exceptions to this procedure. It is also significant that in this case the purchase order was not sent out until September 10, 1968, some three months after the initial bidding on the jobs.
As aptly pointed out by the Supreme Court in Cormier v. Douet, 219 La. 915, at page 919, 54 So.2d 177, at page 178 (1951):
"Since the requirement of Article 2277 R.C.C. is such that it of necessity draws into its legal vortex the sufficiency of proof shown by the record, and since the evidence is correlated with the credibility of the witnesses, the district judge's conclusions must be accepted, unless they are manifestly erroneous." (citations omitted)
We find that the trial court committed no manifest error in accepting plaintiffs' testimony in this case corroborated by (1) the testimony of Mr. Broussard to the effect that he told Mr. Aydell that he wanted to work with him on both jobs, (2) the giving of the plans and blueprints for the jobs to plaintiffs by Mr. Broussard, and (3) the ordering of the special custom doors by plaintiffs.
Therefore, the judgment of the district court is affirmed at appellant's cost.
Affirmed.