STOULIG, Judge.
Plaintiff was awarded a judgment of $2,975, representing the unpaid balance due for psychiatric treatment rendered to de *658 fendant’s wife between May 6, 1969 and May 27, 1970, the date defendant’s wife filed suit to obtain a separation from bed and board. Defendant has appealed.
Defendant’s entire argument addresses itself to the sufficiency of proof. First, he claims plaintiff failed to establish the treatment provided by him was necessary and that the billing therefor was reasonable. Second, defendant argues that a verbal contract for payment of money in excess of $500 must be proved by at least one witness other than the plaintiff himself.
The first contention is without merit. It is apparent from the evidence defendant was aware of his wife’s need for therapy and agreed to the fee fixed by plaintiff before intensive treatment was undertaken. Plaintiff testified defendant assented to his treating Mrs. Seghers at a fee of $35 per session at the outset. His statement is supported by the fact that the first two billings of $317.50 and $717.50 were paid promptly by defendant.
Although defendant’s answer alleges he instructed plaintiff to discontinue treating his wife in October 1969, this is not borne out by the record. Plaintiff testified that in a telephone conversation on October 15, 1969, defendant inquired about the outstanding balance due but gave no indication that he wished the treatment of his wife stopped. On February 2, 1970, when defendant had a past-due balance of $1,230, plaintiff testified Mr. Seghers visited his office and reaffirmed his intent to pay plaintiff and requested him to continue treatment. Having received no payment before February and May as the past-due balance increased, plaintiff wrote several letters to defendant during this time requesting settlement of the bill. He heard nothing from defendant until May 28, 1970, one day after the separation suit was filed. Defendant sent this telegram:
“Please be advised by this communication that you are no longer authorized to treat my wife in any manner as of this date and further I will not be responsible for your invoices as rendered.” (Emphasis added.)
The last communication plaintiff received from defendant was a letter dated June 20, 1970, which suggested defendant might have medical insurance that would cover the account.
Defendant offered no evidence, documentary or testimonial, to rebut plaintiff’s testimony and exhibits, other than the quoted telegram. In our opinion the wire strengthens plaintiff’s evidence in that it indicates May 28 was the first time defendant withdrew his consent to the course of treatment. We further note defendant failed to appear at the trial.
Without adducing any medical evidence that would question the course of treatment, defendant’s counsel argues that the psychiatric procedures used by plaintiff were worthless. The inference of quackery defendant would have us draw is unwarranted. Had defendant wished to challenge the validity of plaintiff’s services, it would have been appropriate for him to submit countervailing testimony of an expert witness in the field of psychiatry. This he failed to do.
In summary, we think the defendant contracted for the services provided at the fee charged. Because defendant agreed to the fee, plaintiff need not establish it was reasonable.
Defendant next invokes LSA-C.C. art. 2277 to support his assertion plaintiff has not carried the burden of proof to prevail. That article requires, inter alia, that a contract for the payment of more than $500 must be proved by one credible witness and other corroborating circumstances. Defendant points out plaintiff was the only witness to testify. The jurisprudence interpreting this article has held that the plaintiff may be the “one credible witness,” providing his testimony is supported by corroborating circumstances. *659 Great Marine Corporation v. Vinet, 217 So.2d 480 (La.App. 1st Cir. 1968), and King v. Jarvis, 144 So.2d 616 (La.App. 4th Cir. 1962). In the instant matter the testimony is amply supported by the exhibits, thus the requirements of LSA-C.C. art. 2277 are satisfied.
For the reasons assigned, the judgment appealed from is affirmed. Costs of this appeal are to be borne by appellant.
Affirmed.