REDMANN, Judge.
Plaintiff leased trucks to defendant over a two-year period. After their business relationship terminated, plaintiff claimed a balance due on lease charges. Defendant excepted that the claim was partially prescribed, theorizing that the balance was merely the sum of six individual disputed charges, of which four were over three years old. Defendant argued that the other two charges (for substitute trucks kept after repair of regular trucks) were not due, and alternatively that one had been remitted by defendant’s issuing a credit.
From judgment for the total claimed, defendant appeals.

Prescription

The prescription question turns on imputation of payments. Plaintiff urges that payments should be imputed to the earliest charges, as C.C. art. 2166 provides (when the payment is not otherwise imputed by other facts). Thus plaintiff would treat the old disputed items as paid, and only more recent, unprescribed charges as due.
This view cannot be adopted. Plaintiff’s own record of defendant’s payments shows that payments were in most cases in the exact amount of an invoice, or the sum of two or three invoices; there was never a round-figure payment as if on an open account. More important, plaintiff’s own books related all payments to specific invoices, by a simple letter-coding. Thus, if it could be said that the debtor did not in every case “declare . . . what debt he mean[t] to discharge,” C.C. art. 2163, by paying precisely the amount of in *137 voice (s), the creditor itself understood, accepted and on its books treated the payments as paying specific invoices (even where payments differed but, e. g. with a credit, added up to the exact invoice amounts).
We conclude it is the older and disputed invoices which remain unpaid. They are prescribed by three years, C.C. art. 3S38, as rent or hire of a movable (or, as to a pre-lease gasoline account, as an account).

Substitute Truck Charges

The lease entitled defendant to a substitute truck at the location of the disability of any leased truck which required time-consuming repair. Plaintiff billed defendant, as for an additional truck, if the substitute were not returned within 24 hours of completion of the repair of the regularly leased truck.
The lease is silent on time and place of return, and charges for late return. The two invoices in question were, apparently, for use during some 48 hours after notice of completion of repairs. Defendant argues the unreasonableness of requiring a quicker return when, e. g., the truck may be loaded with merchandise, or in a multiple-stop delivery run. Yet the purpose of the substitute is to confer a benefit not ordinarily available to a truck owner, namely that he have the use of another truck when his own is out of service for .repairs. Once repairs are completed, the necessity for this benefit is at an end, and the lessor is no longer obliged to provide the substitute. At that point the lessee’s obligation would be to return the substitute as soon as reasonably possible— probably, depending on circumstances, allowing time to unpack the substitute, or to complete an already started out-of-town delivery run, or the like. However, there is evidence that the $60.44 charge was for a truck used two extra days in city deliveries by a driver who declined to transfer defendant’s candy from the substitute into the regular truck. This was not a performance “with good faith,” C.C. art. 1901, of the necessarily implied contractual obligation to return the substitute truck. Plaintiff was entitled to treat this, as it did, as an election to employ the substitute as an additional truck, chargeable under the lease. The $60.44 charge is due.
The last remaining invoice, for $55.67, was cancelled by plaintiff. Plaintiff’s witness testified it gave a credit hoping to close out the entire file with defendant as part of an unfulfilled compromise agreement. But two letters from plaintiff, rather than mention any compromise, indicate that the “credit” was not a remission of a debt that was due, but an acknowledgement that the debt was not due or was at least not provable.[1] The invoice is not in evidence and the transaction was not detailed by testimony. We conclude plaintiff has not proven this part of its claim.
The judgment is reversed as to its dismissal of the plea of prescription, and its principal amount is amended to $60.44, with all costs to be divided equally.
Reversed in part; amended in part.

. Plaintiff’s office manager wrote “we can only assume that the billing was based on a substitute truck being used after the regular truck was made available, which is standard billing procedure. We are willing to concede, however, that possibly conditions prevented the-exchange of trucks at that time. In line with this, we have issued credit for $55.67 to offset the bill.” Later plaintiff’s district manager wrote “we have issued a credit of $55.67 to offset charges which were in dispute— again based on our acceptance of [defendant’s] side of the story.”