DOUCET, Judge.
Benglis Sash & Door Company, Inc. brought this suit against A. P. Leonards, d/b/a Chennault 2-10 Properties, and Benny King for specific performance on an alleged contract of sale and for damages for the breach of that contract. Defendants have appealed from a judgment in favor of plaintiff. Plaintiff has answered, asking for additional damages and attorney’s fees.
On July 22, 1977, A. P. Leonards ordered a quantity of Andersen Perma-Shield bay windows from plaintiff, Benglis Sash & Door Company, Inc., at plaintiff’s office in Lake Charles, Louisiana. Paul Thompson, an architect, who had full authority to represent Leonards for such a purchase, placed the order with plaintiff’s officer manager, Patricia Patrick.
Because plaintiff did not have the windows in stock, Miss Patrick telephoned Andersen’s local wholesale distributor, Davidson Louisiana, Inc., also located in Lake Charles. She learned that delivery would be in approximately eight to ten weeks. Thompson indicated that delivery within that period of time would be satisfactory. The price of the windows was not discussed.
A. P. Leonards was in Guam on other business at the time that the order was placed by Thompson. After his return, which was not until several weeks later, he instructed his employee, Benny King, to write a letter to plaintiff, cancelling the order. Although defendants claim to have sent such a letter on September 24, 1977, plaintiff denies having received it.
The windows eventually arrived in Lake Charles, where they were loaded on one of plaintiff’s trucks for delivery. When Leon-ards was contacted on October 6, 1977 and asked where the windows were to be delivered, he refused to accept them. Since they could not be returned to Andersen for credit, they were stored in plaintiff’s warehouse, and this suit was filed.
*994 The trial court rejected defendants’ argument that the delay of roughly eleven weeks between the placement of the order and the attempt at delivery was unreasonable, and found that the contract was enforceable. Plaintiff was awarded its cost in purchasing the windows from Davidson, plus the markup that would have been made, or a total of $6,625.14, and defendants were ordered to take delivery of the windows. No other damages were allowed.
The issues which have been raised on appeal are: (1) whether the contract was enforceable, and (2) whether the trial court erred in refusing to award the additional damages and attorney’s fees sought by plaintiff.
Defendants have argued at length that the trial court erred in finding the contract enforceable, despite the delay of eleven weeks between the placement of the order and plaintiff’s attempt at delivery. We do not reach the question of the reasonableness of the time of delivery, however, since we have determined that there was never at any time an enforceable contract between the parties. A contract of sale is not perfected until the parties have agreed on the thing to be sold and a certain price, and given their consent. LSA-C.C. Arts. 2439 and 2464; Munson v. Martin, 249 La. 925, 192 So.2d 126 (1966); Hebert v. Briley, 295 So.2d 607 (La.App. 3rd Cir. 1974), writ denied 300 So.2d 181 (La.1974).
There is no dispute that there was never any agreement on the price of the windows. Miss Patrick and Mr. Thompson testified that the price was not discussed or agreed upon. Leonards testified that he could not find out the price and complained about that fact. This failure to agree on a price was apparently due to the fact that plaintiff was unable to determine what it would cost it to obtain the windows from Davidson Louisiana, Inc. A Davidson employee, Mr. Land, testified that he could not give a price because there were “to many variables”. (Tr.192).
This appears to be the type of situation that the drafters of the Uniform Commercial Code attempted to deal with in Section 2-305 of that Code, which provides that when nothing is said as to the price, the price is a reasonable price at the time for delivery. That portion of the Uniform Commercial Code has not been adopted in this state, however. We are, therefore, bound by the Civil Code articles on sales, cited above. Under those articles, it is clear that there was never a completed contract in this case, and that Leonards had the right to cancel.
We note that plaintiff has argued that this is a suit on an open account in connection with its demand for attorney’s fees pursuant to LSA-R.S. 9:2781. The trial court rejected that argument, holding that this is a suit on a contract rather than one on an open account, and did not allow attorney’s fees.
Our review of the record has shown the trial court’s finding to be reasonable and well supported. Plaintiff has had other dealings with Leonards over the past two years or so. However, they have been on a job-by-job basis. Payment for each job or invoice was within a relatively short time after the order was filled, although payment was not required upon delivery. We agree that under these circumstances this is not a suit on an open account. Commercial Insurance Agency, Inc. v. Wilson, 293 So.2d 246 (La.App. 3rd Cir. 1974); Troendle v. Boudreaux, 246 So.2d 732 (La.App. 4th Cir. 1971); Grand Isle Shipyard, Inc. v. St. Pierre, 163 So.2d 132 (La.App. 4th Cir. 1964), writ refused 246 La. 378, 164 So.2d 361 (1964).
Since there was neither a completed contract nor an open account, plaintiff is not entitled to any recovery from defendants, including the additional damages and attorney’s fees prayed for on appeal. The judgment appealed is, therefore, reversed and set aside. It is now ordered, adjudged and *995 decreed that there be judgment herein in' favor of A. P. Leonards and Benny King rejecting the demands of plaintiff at its costs. All costs of this appeal are assessed against the plaintiff-appellee. e ^ ^
REVERSED AND RENDERED.