KLIEBERT, Judge.
Olga Rita Bonis, defendant, was having severe psychiatric problems with suicidal tendencies. Her doctors recommended immediate hospitalization and she was admitted into Coliseum House Hospital, a private psychiatric hospital, on February 1, 1978. Upon admission, both Olga Bonis and her husband, Walter F. Bonis, Jr., signed an agreement entitled “Conditions of Admission,” wherein defendants agreed to pay all charges incurred during the hospital stay, as well as delinquent charges and attorney fees if they failed to make payment. Mrs. Bonis remained in Coliseum House until February 23, 1978, when she left the hospital without a medical discharge. The hospital presented a bill for the hospital stay and treatment of $2,399.07. Of this amount, $1,000.40 has been paid by Blue Cross, defendants’ hospital insurer. Defendants refused to pay the bill. Plaintiff filed suit. After trial on the merits, the district court dismissed plaintiff’s suit. The basis for dismissal was the failure to prove the case by a preponderance of the evidence. Plaintiff appeals.
Defendant, Olga Bonis, admitted she was a patient at Coliseum House from February 1 — February 23, 1978. She also admitted approximately $2,300.00 in charges were incurred during the hospitalization and an outstanding balance of $1,399.07 was due and owing. Further, Mrs. Bonis admitted executing the “Conditions of Admission” agreement. Mr. Bonis admitted his wife’s hospitalization, his signature on the “Condition of Admission” agreement, and the unpaid balance of the bill. He further admitted the detailed statement of Coliseum House was correct and that he had no complaints with the treatment rendered by Coliseum House to his wife. The patient account supervisor for the plaintiff testified the amount due on the Bonis’ account was $1,399.07.
Louisiana Civil Code Article 2277 provides as follows:
“All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.”
Louisiana jurisprudence has consistently held that the plaintiff can serve as the credible witness required by C.C. Art. 2277. See, generally, Olinde v. Seghers, 280 So.2d 657 (La.App. 4th Cir. 1973); Great Marine Corporation v. Vinet, 217 So.2d 480 (La. App. 1st Cir. 1968), writ refused La., 219 So.2d 515. Plaintiff herein is a corporation. The credible witness was the patient *497 account supervisor employed by plaintiff who was in charge of patient accounts. Therefore, she was the logical witness for plaintiff to call to testify.
The “other corroborating circumstances” requirement has been fulfilled by the testimony of both defendants who admitted the hospital stay, the amount due and owing, and the fact that they both signed the “Conditions of Admission” form.
In defénse of the claim, Mr. Bonis contended that plaintiff misinformed him about Blue Cross coverage and, therefore, he left his wife in the hospital thinking she had insurance coverage. He testified that Coliseum House had given him a copy of a Blue Cross form which indicated that his wife had been approved by Blue Cross until March 9, 1978. However, subsequent review by Blue Cross stated that Mrs. Bonis did not need hospitalization and Blue Cross, therefore, only paid $1,000.40.
While we fully appreciate and sympathize with defendants’ plight with Blue Cross, plaintiff correctly points out that the Bonis’ quarrel with their hospitalization carrier is no defense to this suit on an open account. Defendants’ remedy would be either a separate legal proceeding against Blue Cross or would have been to file a third party demand against Blue Cross in the proceedings below.
For the foregoing reasons, the judgment of the district court is reversed, and Judgment is hereby rendered in favor of Coliseum House Hospital against Olga Rita Bonis and Walter F. Bonis, Jr., in solido, in the full and true sum of One Thousand Three Hundred Ninety-nine and 07/100 ($1,399.07) Dollars, plus interest, 25% attorney fees and costs.

REVERSED AND RENDERED.