408 So.2d 54 (1981)
FLEET TIRE SERVICE
v.
SCHWEGMANN BROTHERS GIANT SUPER MARKETS, INC.
No. 12668.
Court of Appeal of Louisiana, Fourth Circuit.
December 16, 1981.
*55 Corwin B. Reed, New Orleans, for plaintiff-appellee.
C. Monk Simons, III, New Orleans, for defendant-appellant.
Before REDMANN, SCHOTT and KLEES, JJ.
REDMANN, Judge.
Defendant's argument in this appeal from a judgment on an account for $2,789.74 plus $559 attorney's fees is the prescription of three years, C.C. 3538.
This suit was filed December 11, 1978. Payments had been made within the three previous years. The suit, however, attached the exact 38 invoices alleged to total the claimed balance (thereafter reduced by two small payments). Those 38 invoices were selected from 37 pages of ledger entries of charges and credits. Those ledgers show that for the whole seven years plaintiff identified every payment with specific invoice(s) for the exact dollars-and-cents amount, until the time this lawsuit was filed.[1]
The case is similar to and (as to charges over three years old) controlled by Avis Rent A Car Sys. Inc. Truck v. Elmer Candy Corp., 305 So.2d 136, 137 (La.App. 4 Cir. 1974):
The prescription question turns on imputation of payments. Plaintiff urges that payments should be imputed to the earliest charges, as C.C. art. 2166 provides (when the payment is not otherwise imputed by other facts). Thus plaintiff would treat the old disputed items as paid, and only more recent, unprescribed charges as due.
This view cannot be adopted. Plaintiff's own record of defendant's payments shows that payments were in most cases in the exact amount of an invoice, or the sum of two or three invoices; there was never a round-figure payment as if on an open account. More important, plaintiff's own books related all payments to specific invoices, by a simple letter-coding. Thus, if it could be said that the debtor did not in every case "declare ... what debt he mean[t] to discharge," C.C. art. 2163, by paying precisely the amount of invoice(s), the creditor itself understood, accepted and on its books treated the payments as paying specific invoices....
We conclude it is the older and disputed invoices which remain unpaid. They are prescribed by three years, C.C. art. 3538 ....
Not all, however, of our unpaid invoices are older than the three-year prescriptive period on the "accounts of merchants, whether selling for wholesale or retail" and "all other accounts," C.C. 3538. Unpaid invoices *56 less than three years old total $1,045.98[2] and the principal of the judgment is reduced to that amount.
Under R.S. 9:2781, when the plaintiff's written demand "correctly set[s] forth the amount owed" (with supporting invoices), the claimant is entitled to "reasonable attorney fees for the prosecution and collection of such claims when judgment on the claim is rendered in favor of the claimant." (Emphasis added.) The amount demanded must be the correct amount, or fees are not due, Scarborough v. Nelson, 371 So.2d 1261 (La.App. 3 Cir. 1979). Because "amount owed" and "such claim" mean the identical thing in the statute, a judgment rejecting part of the claim on the basis of prescription disentitles the claimant to attorney fees, just as surely as would a judgment rejecting the entire claim as prescribed.[3]
Judgment reduced to $1,045.98 with legal interest from judicial demand and all costs, save that costs of this appeal shall be divided equally.[4]
NOTES
[1] Although the last four credits before suit are not letter-coded by plaintiff's ledger clerk (as were the previous credits, AF, AG, AH, AI), the next credit of $28.88 is the exact amount of a charge coded AJ; $494.06 is the sum of June 23 and 30 charges of $253.53, $201.67 and $38.86 (not coded); and $98.20 is the sum of charges of $40.96, $18.90 and $38.34, all coded AL; and $33.77 bears the note "inv. 21107," and is the exact amount of that invoice. A $12.09 payment made after suit was filed is not identified by either side, but apparently pays a $12.09 invoice of August 28, 1975.
[2] Unprescribed unpaid charges begin February 4, 1976, and are $13.65, 27.78, 39.70, 26.25, 257.84, 22.58, 212.29, 224.31, 16.80, 16.80, and 187.98, the last dated March 29, 1978.
[3] We also note that the supporting invoices do not total the $2,844.60 demanded, but $2,843.69, but we do not decide whether that error alone would justify following Scarborough in eliminating attorney fees.
[4] Costs are divided because defendant argued all invoices were prescribed.