CUTRER, Judge.
This appeal presents the single issue of whether, under LSA-R.S. 9:2781(A),[1] a *1313 creditor is entitled to attorney’s fees in this suit upon an open account.
Manuel Truck & Equipment Co., Inc., d/b/a Manuel Firestone Tire Center (Manuel), had, for some time, rendered various truck maintenance services to Kinard Construction, Inc. (Kinard). The charges for these services were carried on an open account. The charges, with which we are concerned, were, according to the invoices, incurred within the period beginning October 22, 1980, and ending April 6, 1981. No payments were made by Kinard on these charges during that time.
On June 7, 1981, Manuel made demand upon Kinard for the sum of $2,625.08. The letter of demand was accompanied by a statement in the amount of $2,699.80. Attached to the letter were numerous invoices, the total of which was in dispute.[2] The demand letter with the attachments was received by Kinard on June 22, 1981, and Kinard turned it over to his attorney within a few days.
No response was made to the demand and Manuel timely filed suit against Kinard for $2,804.94. Manuel filed a request for admissions and interrogatories. In its answer to these, Kinard stated that the sum of $2,490.38 was owed to Manuel.
Manuel filed a motion for a partial summary judgment in the amount admitted to be owed, $2,490.38. The motion was not contested and judgment was rendered on this motion for partial summary judgment for the amount requested, $2,490.38. This sum was then paid by Kinard. The judgment also reserved unto Manuel the right to pursue the cause for the remainder of the sum due and for attorney’s fees.
The remaining portion of the account came up for trial and judgment was rendered according to a written stipulation of the parties. It was stipulated that Kinard owed Manuel more than $2,663.19 before June 17,1981, on open account. It was also stipulated that Manuel was entitled to an additional judgment for the sum of $172.81.
Judgment was rendered by the trial court for the stipulated remainder of $172.81. Adding this sum to the judgment previously rendered on the motion for partial summary judgment, we have a total of uncontested judgments rendered in the sum of $2,663.19, more than the amount set forth in the demand letter ($2,625.08).
The only contested matter in this series of events was whether attorney’s fees should be awarded. The trial judge rendered judgment awarding attorney’s fees of twenty-five percent of the amount set forth in the demand letter, $2,625.08.
Kinard appeals the award of attorney’s fees contending that, since there were discrepancies between the amount of the demand ($2,625.08), the attached statement ($2,699.80) and the total of the invoices attached to the demand being in dispute, LSA-R.S. 9:2781 has not been complied with. He contends that the statute allows attorney’s fees “When any person fails to pay an open account within thirty days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof; .... ” Kinard contends that the existing discrepancies does not set forth a correct written demand. Kinard relies upon the cases of Scarborough v. Nelson, 371 So.2d 1261 (La.App. 3rd Cir.1979), Fleet Tire Services v. Schwegmann Brothers Giant Supermarkets, Inc., 408 So.2d 54 (La. App. 4th Cir.1981), for its position.
In Scarborough, the creditor-plaintiff made demand for $6,021.87. Suit was filed for $6,020.07. Judgment was ultimately rendered for $4,834.19. The court disallowed attorney’s fees stating as follows:
*1314 “[A] claimant is entitled to attorney’s fees when he secures a favorable judgment on an open account if he has strictly complied with the provisions of the cited statute. One of the conditions for recovery is a showing that the claimant has made written demand therefor correctly setting forth the amount owed, with invoices attached, to no avail. In the instant case plaintiff, by letter dated May 18, 1977, demanded of plaintiff the sum of $6021.87. The amount demanded is shown by the record to be clearly incorrect."
In Fleet Tire Services, a substantial part of the claim was rejected due to a number of the charges having prescribed. The trial court had rendered judgment for $2,789.74 plus $559.00 attorney’s fees. This was reduced by the Court of Appeal to $1,045.98. Attorney’s fees were disallowed, citing the reasons given in Scarborough.
We conclude that those cases are not applicable to the case at hand. Kinard testified that he received the demand letter for the sum of $2,625.08, along with the invoices. He made no claim that he did not owe this amount. The only reason he gave for not tendering this sum was that he was not financially able to pay the debt. He testified as follows:

“Q. What actions did you take beside turning the invoices and that demand letter over to your attorney?

“A. That’s the only action I took.

“Q. Did you ever make any effort to pay the amount claimed?

“A. I could not pay it.

“Q. You did not pay it?

“A. I could not pay it.

“Q. You could not pay it? Financially?

“A. Financially we were— (Interrupted)

“Q. Not able to pay it?

“A. We were broke.”

After suit was filed, Kinard first admitted, in answer to the interrogatories, that he owed $2,490.38 and judgment was so rendered. At the trial of the merits, Ki-nard, through his counsel stipulated that he owed a balance of $172.81. Judgment was rendered for this stipulated sum. The total of the two uncontested judgments was $2,663.19 which exceeded the demand for $2,625.08.
The demand created no dispute between Manuel and Kinard. The demand of $2,625.08 was admittedly owed. By refusing to tender payment of this amount after demand and causing Manuel to resort to litigation for the collection of same, subjects Kinard to the payment of attorney’s fees on this account under the provision of LSA-R.S. 9:2781. The judgment of the trial court will be affirmed.
For these reasons the judgment of the trial court is affirmed. Kinard Construction, Inc., defendant-appellant, is to pay costs of this appeal.
AFFIRMED.

. LSA-R.S. 9:2781(A) provides:
“A. When any person fails to pay an open account within thirty days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for *1313 reasonable attorney fees for the prosecution and collection of such claim when the judgment on the claim is rendered in favor of the claimant.”

. We have carefully attempted to tabulate the copies of the invoices attached to the demand letter. There were some duplications and one blank page. Our best calculation totals $2,696.79. Kinard says the tabulation was $2,554.05. Manuel’s attorney contends that the total is $2,804.94. In the record we find four invoices which total $108.15 which appear not to have been attached to the demand letter. If we add these four invoices totaling $108.15 to our total of $2,696.79, we get $2,804.94.