555 So.2d 996 (1989)
W. Simmons SANDOZ, Trustee of Delta Services Industries, Inc. and the Chase Manhattan Bank, N.A., Individually and as Agent, MBank Houston, N.A., Interfirst Bank Houston, N.A. and Continental Illinois National Bank and Trust Company of Chicago as Administrator for the Federal Deposit Insurance Corporation
v.
DOLPHIN SERVICES, INC.
No. 88 CA 1784.
Court of Appeal of Louisiana, First Circuit.
December 19, 1989.
Rehearing Denied February 8, 1990.
Errol King, Jr., Baton Rouge, for plaintiffs and appellants W. Simmons Sandoz, et al.
Edmund McCollam, Jason Lyons, co-counsel, Houma, for defendant and appellee Dolphin Services, Inc.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment sustaining an exception pleading the objection of prescription.

FACTS
During 1984, Dolphin Services, Inc. (Dolphin), an oilfield fabrication and construction firm, purchased various steel items from Delta Services Industries, Inc. (Delta). Dolphin periodically made payments to Delta on various account invoices. Dolphin allegedly failed to make payments on various invoices for steel items purchased between August of 1984 and mid-October of 1984, totalling $4,861.66.
On February 24, 1988, plaintiffs, W. Simmons Sandoz, as bankruptcy trustee for Delta, and various banks, as assignees of Delta's accounts receivable, filed suit for $4,861.66, together with legal interest from the date of each invoice. In response thereto, Dolphin filed a peremptory exception pleading the objection of prescription. Dolphin contended that plaintiffs' claims for damages arose out of an open account and that all invoices submitted were more than three years old. Dolphin reasoned that plaintiffs' claims had prescribed under LSA-C.C. art. 3494, et seq.
*997 After trial, the trial judge maintained Dolphin's exception pleading the objection of prescription and dismissed plaintiffs' suit with prejudice. From this adverse judgment, plaintiffs appeal, raising the following issues:
I. Whether the work done by Delta Shipyard for Dolphin Services was on a "job by job" basis or on an open account?
II. Whether the present action is subject to the ten year prescriptive period of Louisiana Civil Code Article 3499 relating to contracts or the three year prescriptive period of Louisiana Civil Code Article 3494 relating to open accounts?
III. Assuming that there did exist an open account, whether there was an acknowledgement of the debt by Dolphin Services?

PERSONAL SERVICES CONTRACT VERSUS OPEN ACCOUNT
Prior to the 1983 amendment of LSA-R.S. 9:2781, there existed no statutory definition of open account. In 1983, the statute was amended, broadening the jurisprudential definition of open account under that statute and LSA-C.C.P. arts. 1702 and 4916.[1] LSA-R.S. 9:2781, as amended in 1983, provides, in pertinent part:
C. For purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including, but not limited to, legal and medical services. For the purposes of this Section only, attorney fees shall be paid on open accounts owed to the state.
In Herb's Machine Shop, Inc. v. John Mecom Company, 426 So.2d 762 (La.App. 3rd Cir.1983), writ denied, 430 So.2d 98 (La.1983), the court set forth the following factors to determine whether a course of dealings is considered an open account:
1. Whether there were other business transactions between the parties;
2. Whether a line of credit was extended by one party to the other;
3. Whether there are running or current dealings; and,
4. Whether there are expectations of other dealings. [426 So.2d 765]
Whether goods are sold on open account is a factual determination to be made by the trial court. United Distributors, Inc. v. Redfern, 449 So.2d 580 (La.App. 1st Cir. 1984). Factual findings by the trial court are afforded great weight and should not be disturbed on appeal in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In the instant case, plaintiffs contend that the trial court erred in characterizing the transactions between the parties as an open account, which is prescribed by three years.[2] Plaintiffs contend that the true nature of the transactions is that of a personal services contract, which is prescribed by ten years.[3] In support of this contention, plaintiffs reason that their suit does not contain a prayer for attorney's fees, which demonstrates that the instant suit is not on open account. Plaintiffs further reason that the materials provided to Dolphin were provided on a job-by-job basis and that Dolphin made payments on particular invoices rather than submitting payment on the entire account.
In support of their contentions, plaintiffs rely on Grand Isle Shipyard, Inc. v. St. Pierre, 163 So.2d 132 (La.App. 4th Cir. 1964), writ refused, 246 La. 378, 164 So.2d *998 361 (1964)[4] and Troendle v. Boudreaux, 246 So.2d 732 (La.App. 4th Cir.1971), appeal after remand, 260 So.2d 375 (La.App. 4th Cir.1972). Plaintiffs' reliance on these cases is clearly misplaced. In Grand Isle, the facts showed that plaintiff and defendant dealt on a job-by-job basis and that each job was handled and paid for separately within a short period of time. Defendant and each of his witnesses testified that he never intended to maintain an open account, nor did he intend to make payments on an open account. In Troendle, the record established that, prior to bidding on a contract with American Flavor, defendant contacted plaintiff to discuss the work he wanted plaintiff to perform and the price of such work. When plaintiff entered into the contractual relationship with defendant, the terms of the contract were fixed and certain and pertained to one particular job only. The court determined that the amounts defendant owed plaintiff for the work performed under the contract did not constitute an open account.
In the instant case, filed as exhibits are copies of various invoices for materials provided to Dolphin by Delta between August, 1984, and October, 1984, for which Dolphin allegedly failed to make payment. The record also contains a Dolphin payment for materials purchased in July, 1984. The record clearly reflects that during 1984 Dolphin periodically ordered various steel items from Delta, which Delta invoiced separately. Dolphin then made periodic payments on its outstanding account indebtedness. The trial judge determined that these transactions constituted an open account and did not support a personal services contract. Additionally, plaintiffs failed to present any evidence or testimony to establish that the parties contemplated or entered into any personal services contract.
After reviewing the entire record under the appropriate standard, we cannot say that the trial court erred in finding that the transactions between the parties constituted an open account, which is prescribed by three years. See Fleet Tire Service v. Schwegmann Brothers Giant Super Markets, Inc., 408 So.2d 54 (La.App. 4th Cir. 1981).

PRESCRIPTION
Having determined that the trial court properly determined that the transactions between Dolphin and Delta were on open account, the applicable prescriptive period is three years. LSA-C.C. art. 3494(4).
In the instant case, the most recent invoice was dated October 11, 1984. Plaintiffs did not file suit until February 24, 1988. On the face of the pleadings, plaintiffs' cause of action had prescribed. In such a case, the plaintiff bears the burden of establishing that prescription had not begun to run or was interrupted or suspended. Bock v. Harmon, 526 So.2d 292 (La.App. 3rd Cir.1988), writ denied, 531 So.2d 275 (La.1988). To do so, the proof must be clear, specific, and positive. Gibson Greeting Cards, Inc. v. Cabibi, 237 So.2d 897 (La.App. 4th Cir.1970).
LSA-C.C. art. 3464 provides:
Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe.
Acknowledgment of such a right may be formal or informal, express or tacit. Flowers v. United States Fidelity & Guaranty Company, 381 So.2d 378 (La.1979); Williams v. American Family Mutual Insurance Company, 520 So.2d 1082 (La. App. 3rd Cir.1987); Wallace v. State Farm Mutual Automobile Insurance Company, 509 So.2d 466 (La.App. 3rd Cir.1987), writ denied, 510 So.2d 377 (La.1987). See comments, LSA-C.C. art. 3464. In Flowers v. United States Fidelity & Guaranty Company, supra, the court stated:

*999 [A]cknowledgment sufficient to interrupt prescription may be made verbally, in writing, by partial payment, by payment of interest or by pledge, or in other ways; and that it may be implicit or it may be inferred from the facts and circumstances. [381 So.2d 382]
In the instant case, the only evidence introduced by plaintiffs to establish an acknowledgment by Dolphin was the testimony of Linda Sigler, an employee of plaintiffs' counsel. Sigler testified that she spoke with Melva McCann, the accountant at Dolphin Services, regarding the outstanding invoices. According to Sigler, McCann indicated that the "invoices were to be paid" and "were going to be put in line for payment at the end of the month." Robert Marmande, Chairman of the Board of Dolphin, testified that his approval is required prior to payment of any invoices. Marmande further testified that he did not authorize payment of the invoices in question.
In addressing whether prescription had been interrupted, the trial judge determined that the evidence did not establish that there had been an acknowledgment sufficient to interrupt prescription. We have carefully reviewed the entire record under the appropriate standard and cannot say that the trial judge was manifestly erroneous.

CONCLUSION
For the above reasons, the judgment of the trial court sustaining Dolphin's exception pleading the objection of prescription is affirmed. Plaintiffs are cast for all costs.
AFFIRMED.
NOTES
[1] By Acts 1986, No. 156 § 1, article 4916 was amended and reenacted as article 4904.
[2] LSA-C.C. art. 3494(4) provides that actions on open account are subject to a liberative prescription of three years.
[3] LSA-C.C. art. 3499 provides that a personal action is subject to a liberative prescription of ten years.
[4] Plaintiffs also note that the reasoning in Grand Isle Shipyard, Inc. v. St. Pierre, 163 So.2d 132 (La.App. 4th Cir.1964), writ refused, 246 La. 378, 164 So.2d 361 (1964), was later adopted in Benglis Sash & Door Company, Inc. v. Leonards, 378 So.2d 992 (La.App. 3rd Cir.1979), reversed on other grounds, 387 So.2d 1171 (La.1980), and Womack Brothers, Inc. v. Equipment Rental Services, Inc., 399 So.2d 661 (La.App. 1st Cir.1981).